UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

FLORIBERTO VILLALVA ESTRADA,
individually and in behalf of all other persons
similarly situated,

Plaintiff,

–against–

GIOVANNI'S ITALIAN EATERY, INC. and
MENTOR PERLASKA, jointly and severally,

Defendants.

16 CV 6162 (PGG)

---

## AFFIRMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND FOR ATTORNEY'S FEES AND COSTS

### TABLE OF CONTENTS

I.      Legal Issue ...................................................................................................................5

II.     Default .........................................................................................................................6

III.    Plaintiff Meets Burden of Demonstrating Damages ..............................................7

IV.     Facts .............................................................................................................................8

V.      Plaintiff Entitled to Unpaid Minimum Wages, Overtime Wages and Spread-of-Hours Wages ......................................................................................................................................9

        A.      Plaintiff Entitled to Unpaid Minimum Wages............................................12

        B.      Plaintiff Entitled to Unpaid Overtime .......................................................12

        C.      Plaintiff Entitled to Unpaid Spread-of-Hours Wages...............................13

VI.     Plaintiff Entitled to Liquidated Damages..............................................................14

VII.    Defendants Violated Wage Theft Prevention Act and Plaintiff Entitled to Statutory Damages ......................................................................................................................................17

VIII.   Plaintiff Entitled to State Law Prejudgment Interest ..........................................18

IX.     Attorney's Fees and Costs .......................................................................................19

X.      Automatic Increase of Judgment ...........................................................................24

1

XI.   Conclusion ...............................................................................................................24

## TABLE OF AUTHORITIES

**Cases**

*Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504 (2d Cir. 1991)....................................7

*Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163 (N.D. Cal. 2004)......................23

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) ...........................................8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182 (2d Cir. 2008) ..............................................................................................................19, 20

*Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008) ......................................19

*Begum v. Ariba Disc., Inc.*, No. 12 CV 6620, 2015 U.S. Dist. LEXIS 5598 (S.D.N.Y. Jan. 16, 2015)....................................................................................................................19

*Blum v. Stenson*, 465 U.S. 886 (1984) ...........................................................................20

*Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988) .........................................18

*Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697 (1945) ...................................................19

*Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115 (N.Y. App. Div. 1980)................................14

*Carvente-Avila v. Chaya Mushkah Rest. Corp.*, No. 12 CV 5359, slip op. (S.D.N.Y. May 10, 2016) .....................................................................................................................21

*Chowdhury v. Hamza Express Food Corp.*, No. 15 CV 3142, 2016 U.S. App. LEXIS 21870 (2d Cir. Dec. 7, 2016) (summ. order)..........................................................................14

*Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108 (E.D.N.Y. 2011) ......................................................................................................................7

*City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011) ...................................7

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151 (2d Cir. 1999) .........................7

*Elisama v. Ghzali Gourmet Deli, Inc.*, No. 14 CV 8333, 2016 U.S. Dist. LEXIS 58833 (S.D.N.Y. Apr. 29, 2016)................................................................................................14

*Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38 (2d Cir. 1989)...................................7

*Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 2009).............................13

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992) ....................7

*Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033 (S.D.N.Y. May 27, 2014) ...........................................................................................................................................21

*Gurung v. Malhotra*, 851 F. Supp. 2d 583 (S.D.N.Y. 2012).........................................................19

*Gutman v. Klein*, No. 03 CV 1570, 2010 U.S. Dist. LEXIS 124704, 2010 WL 4975593 (E.D.N.Y. Aug. 19, 2010) ...................................................................................................................................7

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................................. 20

*Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132 (2d Cir. 1999) .................................................14, 15

*Jiao v. Chen*, No. 03 CV 165, 2007 U.S. Dist. LEXIS 96480, 2007 WL 4944767 (S.D.N.Y. Mar. 30, 2007) ..............................................................................................................................................12

*Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06 CV 1878, 2007 U.S. Dist. LEXIS 99935 (E.D.N.Y. Sep. 11, 2007)....................................................................................................7

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)...........................................20

*Joiner v. City of Macon*, 814 F.2d 1537 (11th Cir. 1987) ..................................................................19

*Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008) ....................................................14

*Lewis v. Coughlin*, 801 F.2d 570 (2d Cir. 1986).............................................................................23

*Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706 (2d Cir. 2009)................................................... 20

*Maldonado v. Bistro 1285 Inc.*, No. 11 CV 4294, 2013 U.S. Dist. LEXIS 70815 (S.D.N.Y. May 13, 2013) ...........................................................................................................................................21

*Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83 (2d Cir. 1998) ...........................................................19

*McLean v. Garage Mgmt. Corp.*, Nos. 09 CV 9325 & 10 CV 3950, 2012 U.S. Dist. LEXIS 55425 (S.D.N.Y. Apr. 19, 2012)..............................................................................................................15

*Millea v. Metro-N. R.R. Co.*, 658 F.3d 154 (2d Cir. 2011) ........................................................... 20

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983) ..................23

*Ni v. Bat-Yam Food Servs. Inc.*, No. 13 CV 7274, 2016 U.S. Dist. LEXIS 7782 (S.D.N.Y. Jan. 22, 2016)...........................................................................................................................................14

*Overnight Motor Transp. Co. v. Misell*, 316 U.S. 572, *reh'g denied*, 317 U.S. 706 (1942)..........12

*Palacios v. Z & G Distribs., Inc.*, No. 11 CV 2538, 2013 U.S. Dist. LEXIS 112676 (S.D.N.Y. Aug. 6, 2013) ....................................................................................................................................21, 23

*Patterson v. Copia NYC LLC*, No. 15 CV 2327, slip op. (S.D.N.Y. Dec. 29, 2015) ................. 21, 22

*Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811 (S.D.N.Y. 1997) ............................. 23

*Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58 (2d Cir. 1997) ................................................. 8

*Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253 (2d Cir. 1999) ................................................. 14, 19

*Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323 (S.D.N.Y. Apr. 7, 2015) ............................................................................................................................................... 21

*Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51 (2d Cir. 1993) ............................................................. 7

*Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2d Cir. 1997) ........... 7

*United States v. Rosenwasser*, 323 U.S. 360 (1945) ....................................................................... 12

*Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179 (N.D. Cal. 2004) ...................................... 23

**Statutes**

29 U.S.C. § 206(a)(1). ...................................................................................................................... 12

29 U.S.C. § 207(a)(1) ....................................................................................................................... 13

29 U.S.C. § 215(a)(2) ....................................................................................................................... 13

29 U.S.C. § 218(a) ............................................................................................................................ 12

N.Y. C.P.L.R. 5001(b) ...................................................................................................................... 19

N.Y. C.P.L.R. 5004 ........................................................................................................................... 19

N.Y. Lab. Law § 195(1) .................................................................................................................... 17

N.Y. Lab. Law § 195(3) .................................................................................................................... 18

N.Y. Lab. Law § 198(1)–(2) ............................................................................................................. 19

N.Y. Lab. Law § 198(1-b) (amended 2015) ..................................................................................... 18

N.Y. Lab. Law § 198(1-d) (amended 2015) ..................................................................................... 18

N.Y. Lab. Law § 198(4) .................................................................................................................... 24

N.Y. Lab. Law § 652(1) .................................................................................................................... 12

N.Y. Lab. Law § 663(1) ................................................................................................................ 15, 19

N.Y. Lab. Law § 663(4) .................................................................................................................... 24

**Rules**

29 C.F.R. § 778.109 ....................................................................................................... 13

29 C.F.R. § 778.113(a)................................................................................................... 13

Fed. R. Civ. P. 55(a) ....................................................................................................... 6

Fed. R. Civ. P. 55(b)(2) .................................................................................................. 6

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2 .......................................................... 12

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 .......................................................... 13

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a) ...................................................... 14

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 .......................................................... 17

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3 .......................................................... 18

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.5 .......................................................... 13

N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.5 .......................................................... 13

## I.   LEGAL ISSUE

I am an attorney admitted to practice in this Court and I affirm that the following statements are true under the penalties of perjury.

1.      I am associated with the Law Office of Justin A. Zeller, P.C., the attorneys for the plaintiffs in this action and, as such, am familiar with the facts and circumstances of this action.

2.      Because the defendants failed to appear and answer the complaint, this Court should grant the plaintiff's motion for a default judgment in favor of the plaintiff and against the defendants, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and for attorney's fees and costs, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

## II.  DEFAULT

3.      This Court has subject matter jurisdiction over this action as set forth in the Complaint. *See* Compl. ¶¶4–6, ECF no. 1; 1ˢᵗ Am. Compl ¶¶4–6, ECF No. 25.

4.      On August 3, 2016, the plaintiff filed a complaint for unpaid wages and other violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("the FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, section 191 of the New York Labor Law, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. *See* Compl. ¶¶1–3.

5.      On December 23, 2016, the plaintiff filed a first amended complaint for unpaid wages and other violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("the FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, section 191 of the New York Labor Law, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. *See* 1ˢᵗ Am. Compl. ¶¶1–3.

6.      The plaintiff served each defendant with a summons and a copy of the first complaint.

7.      On March 27, 2017, the Court granted plaintiff's letter motion to extend the deadline to serve the first amended complaint to April 20, 2017. *See* ECF No. 36.

8.      The defendant Giovanni's Italian Eatery, Inc., was served the first amended complaint by service on the New York Secretary of State on March 24, 2017. Aff. Service, ECF no. 42. The deadline for the defendant Giovanni's Italian Eatery, Inc., to answer the first amended complaint was April 14, 2017. The defendant Giovanni's Italian Eatery, Inc., failed to answer the first amended complaint. A clerk's certificate of default as to the defendant Giovanni's Italian Eatery, Inc., was filed on June 10, 2019. Clerk's Certificate Default, ECF no. 46.

9.      The defendant Mentor Perlaska was served on April 3, 2017. Aff. Service, ECF no. 43. The deadline for the defendant Mentor Perlaska to answer the complaint was July 8, 2019. The defendant Mentor Perlaska failed to answer the first amended complaint. A clerk's certificate of

default as to the defendant Mentor Perlaska was filed on July 10,2019. Clerk's Certificate Default, ECF no. 51.

10.     The defendants are in default. *See* Fed. R. Civ. P. 55(a). Accordingly, the plaintiff moves for a default judgment in favor of the plaintiff and against the defendants. *See* Fed. R. Civ. P. 55(b)(2).

### III.   PLAINTIFF MEETS BURDEN OF DEMONSTRATING DAMAGES

11.     A default judgment "converts" the defendant's default "into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c) [of the Federal Rules of Civil Procedure]." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).

12.     A defendant's default is deemed an admission of liability and all well-pleaded factual allegations in the complaint pertaining to liability are deemed true. *Ainbinder*, 2013 U.S. Dist. LEXIS 47103, at *11; *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.*, 804 F. Supp. 2d 108, 112 (E.D.N.Y. 2011); *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06 CV 1878, 2007 U.S. Dist. LEXIS 99935, at *4 (E.D.N.Y. Sep. 11, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)), *adopted by* 2007 U.S. Dist. LEXIS 72789 (E.D.N.Y. Sept. 28, 2007); *see also Mickalis Pawn Shop*, 645 F.3d at 128. "[O]nce a party's default is established, damages must still be proven." *Ainbinder*, 2013 U.S. Dist. LEXIS 47103, at *12 (citing *Gutman v. Klein*, No. 03 CV 1570, 2010 U.S. Dist. LEXIS 124704, at *4–5, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010)). The burden is on the plaintiff to provide adequate support for the relief sought. *See Greyhound Exhibitgroup*, 973 F.2d at 158; *Ainbinder*, 2013 U.S. Dist. LEXIS 47103, at *12; *Gutman*, 2010 U.S. Dist. LEXIS 124704, at *5, 2010 WL 4975593, at *1.

13.     An evidentiary hearing is not necessary before entry of default judgment if the Court has decided the law applicable to the calculation of damages, *see Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999), and the plaintiff has submitted evidence establishing with reasonable certainty the factual basis for an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *cf. Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

14.     The plaintiff submits an affidavit herewith evidencing the wages the defendants owe him. *See* Aff. Pl. Supp. Mot. Default J. The plaintiff's affidavit is the best evidence of the plaintiff's hours worked, as the defendants have failed to produce other evidence. Such approximations of hours worked by an employee are sufficient if there are no time records available. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58 (2d Cir. 1997).

## IV.  FACTS

15.     The defendants' (hereinafter collectively Giovanni's Pizza) business is a limited-service restaurant doing business as Giovanni's Pizza and located at 1011 Columbus Avenue, New York, New York. *See* 1st Am. Compl. ¶12; Aff. Pl. Supp. Mot. Default J. ¶2. The defendant Mr. Perlaska owned and controlled Giovanni's Pizza and had the capacity to set the wages and hours of Giovanni's Pizza's employees. *See* 1st Am. Compl. ¶¶13–15.

16.     Giovanni's Pizza employed the plaintiff, Mr. Villalva Estrada, as a cook and deliveryman at Giovanni's Pizza approximately from February 17 until September 4, 2015. *See* 1st Am. Compl. ¶¶17–18; Aff. Pl. Supp. of Mot. Default J. ¶¶3–4. Mr. Villalva Estrada worked for Giovanni's Pizza approximately seventy-four hours per week. *See* 1st Am. Compl. ¶19; Aff. Pl.

Supp. Mot. Default J. ¶5. Mr. Villalva Estrada worked a spread of hours greater than ten per day six days per week. *See* Aff. Pl. Supp. Mot. Default J. ¶6. Giovanni's Pizza paid Mr. Villalva Estrada approximately $350 per week, except Giovanni's Pizza paid Mr. Villalva Estrada no wages for his last workweek. *See* 1st Am. Compl. ¶20; Aff. Pl. Supp. Mot. Default J. ¶7.

17.      Giovanni's Pizza failed to pay Mr. Villalva Estrada the applicable minimum wage. *See* 1st Am. Compl. ¶22; Aff. Pl. Supp. Mot. Default J. ¶9. Giovanni's Pizza never paid Mr. Villalva Estrada an overtime premium for the hours he worked longer than forty hours per week. *See* 1st Am. Compl. ¶23; Aff. Pl. Supp. Mot. Default J. ¶10. Giovanni's Pizza willfully never paid Mr. Villalva Estrada spread-of-hours compensation. *See* 1st Am. Compl. ¶24; Aff. Pl. Supp. Mot. Default J. ¶11 Giovanni's Pizza failed to furnish Mr. Villalva Estrada with a notice and acknowledgment at the time of hiring and any time thereafter. *See* 1st Am. Compl. ¶25; Aff. Pl. Supp. Mot. Default J. ¶12. Throughout Mr. Villalva Estrada's employment by Giovanni's Pizza, Giovanni's Pizza failed to furnish Mr. Villalva Estrada with a statement with each payment of wages. *See* 1st Am. Compl. ¶26; Aff. Pl. Supp. Mot. Default J. ¶13.

## V.  PLAINTIFF ENTITLED TO UNPAID MINIMUM WAGES, OVERTIME WAGES AND SPREAD-OF-HOURS WAGES

18.      Table 1 details the computation of the plaintiff's actual damages. (Although currency values shown in the table are rounded to the nearest penny, and weeks to the nearest whole week, these values were not rounded during calculation. Repeating these calculations using the rounded figures in the table will result in slight deviations.)

Table 1: Actual Damages

**Minimum wages**

| Period start | Period end | Weeks | Hours worked per week | Effective hourly rate | Minimum wage rate | Minimum wages owed per hour | Minimum wages owed per week | Minimum wages owed |
|---|---|---|---|---|---|---|---|---|
| 2/17/2015 | 8/28/2015 | 28 | 74 | $4.73 | $8.75 | $4.02 | $297.50 | $8,202.50 |
| 8/29/2015 | 9/4/2015 | 1 | 74 | $0.00 | $8.75 | $8.75 | $647.50 | $647.50 |
| | | | | | | Total minimum wages owed | | $8,850.00 |

**Overtime**

| Period start | Period end | Weeks | Total hours per week | Overtime hours per week | Greater of minimum wage or regular rate | Overtime owed per hour | Overtime owed per week | Total overtime owed |
|---|---|---|---|---|---|---|---|---|
| 2/17/2015 | 9/4/2015 | 29 | 74 | 34 | $8.75 | $13.13 | $446.25 | $4,250.00 |

**Spread-of-hours wages**

| Period start | Period end | Weeks | Days per week with spread greater than ten hours | Minimum wage rate | Spread-of-hours owed per week | Spread-of-hours owed |
|---|---|---|---|---|---|---|
| 2/17/2015 | 9/4/2015 | 29 | 6 | $8.75 | $52.50 | $1,500.00 |
| | Total actual damages | | | | | $14,600.00 |

**A.  Plaintiff Entitled to Unpaid Minimum Wages**

19.      An employer subject to the Fair Labor Standards Act is required to pay its employees at least the federal minimum wage for every hour worked. 29 U.S.C. § 206. The New York Minimum Wage Act also prescribes a minimum wage. N.Y. Lab. Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2. If the state minimum wage exceeds the federal minimum wage, the employer must pay at least the state minimum wage for every hour worked. 29 U.S.C. § 218(a). At all relevant times, the New York minimum wage rate was $8.75 per hour, N.Y. Lab. Law § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2, higher than the federal minimum wage rate, $7.25 per hour. 29 U.S.C. § 206(a)(1). If a plaintiff is entitled to recover actual damages under both federal and state wage and hour laws, the plaintiff may recover under the statute providing the greater damages. *Jiao v. Chen*, No. 03 CV 165, 2007 U.S. Dist. LEXIS 96480, at *57–58 (S.D.N.Y. Mar. 30, 2007). Therefore, the plaintiff calculates his actual damages for the defendants' failure to pay the minimum wage based on the higher New York minimum wage.

20.      Whether a wage payment meets the minimum wage is determined by dividing the employee's wages in a workweek by the hours worked in that workweek. *See United States v. Rosenwasser*, 323 U.S. 360, 363–64 (1945); *Overnight Motor Transp. Co. v. Misell*, 316 U.S. 572, 580, *reh'g denied*, 317 U.S. 706 (1942). The defendants' underpaid the plaintiff the minimum wage. Based on the plaintiff's evidence of his hours worked and wages paid, the defendants owe the plaintiff $8,850.00 in unpaid minimum wages.

**B.  Plaintiff Entitled to Unpaid Overtime**

21.      An employer subject to the Fair Labor Standards Act is required to pay its employees at a rate of not less than one and one-half times the regular rate of pay for work

performed in excess of forty hours in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2). The Minimum

Wage Act requires the same. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4.

22.     Under the Fair Labor Standards Act, the regular rate is generally determined by

dividing the employee's wages in a workweek by the hours worked in that workweek. 29 C.F.R. §

778.109. However, "[i]f the employee is employed solely on a weekly salary basis, the regular

hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by

the number of hours which the salary is intended to compensate." *Id.* § 778.113(a). "There is a

rebuttable presumption that a weekly salary covers 40 hours." *Giles v. City of New York*, 41 F.

Supp. 2d 308, 317 (S.D.N.Y. 2009).

23.     Under the Minimum Wage Act, it is generally unlawful to pay a hospitality worker

on a basis other than hourly. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.5. If an employer fails

to pay an employee an hourly rate of pay, the regular rate is determined by dividing the employee's

wages in a workweek by the lesser of the hours worked in that workweek or forty hours. N.Y.

Comp. Codes R. & Regs. tit. 12, § 146-3.5. Under the Minimum Wage Act, therefore, the employer

is presumed to have paid no wages on hours in excess of forty, and owes wages in the amount of

one-and-one-half times the regular rate for each hour worked in excess of forty per workweek.

24.     Although the plaintiff can recover damages under the statute providing the greater

damages, the regular rate, and therefore the plaintiff's damages for unpaid overtime premium, is

the same under both statutes. Based on the plaintiff's evidence of his hours worked and wages

paid, the defendants owe the plaintiff $4,250.00 in unpaid overtime premium.

**C. Plaintiff Entitled to Unpaid Spread-of-Hours Wages**

25.     The spread of hours is the length of time between the beginning and end of an

employee's workday, regardless of total hours worked in that workday. N.Y. Comp. Codes R. &

Regs. tit. 12, § 146-1.6. Each day the spread of hours exceeds ten, an employee must be paid an amount equal to an hour of work at the minimum wage rate. *Id.* § 146-1.6(a).

26.     Based on the plaintiff's evidence of his hours worked and wages paid, the defendants owe the plaintiff $1,500.00 in unpaid spread-of-hours wages.

## VI.   PLAINTIFF ENTITLED TO LIQUIDATED DAMAGES

27.     The plaintiff is entitled to liquidated damages under both the Fair Labor Standards Act, the Minimum Wage Act, and article 6 of the New York Labor Law. Liquidated damages under the Fair Labor Standards Act are "compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the [Fair Labor Standards Act]." *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). Liquidated damages under the Minimum Wage Act are punitive. *See, e.g., Reilly v. NatWest Mkts. Grp., Inc.*, 181 F.3d 253, 265 (2d Cir. 1999); *Carter v. Frito-Lay, Inc.*, 425 N.Y.S.2d 115, 115 (N.Y. App. Div. 1980). Because they serve different purposes, a plaintiff should be awarded both. *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 (S.D.N.Y. 2008); *see Elisama v. Ghzali Gourmet Deli, Inc.*, No. 14 CV 8333, 2016 U.S. Dist. LEXIS 58833, at *15–20 & n.1 (S.D.N.Y. Apr. 29, 2016) ("Some courts have declined to award simultaneous liquidated damages …. The majority view in this District, however, appears to be that simultaneous liquidated damages *should* be awarded …."); *Ni v. Bat-Yam Food Servs. Inc.*, No. 13 CV 7274, 2016 U.S. Dist. LEXIS 7782, at *6 (S.D.N.Y. Jan. 22, 2016) ("The majority approach is compelling…."). *But see Chowdhury v. Hamza Express Food Corp.*, No. 15 CV 3142, 2016 U.S. App. LEXIS 21870, at *2–5 (2d Cir. Dec. 7, 2016) (summ. order).

28.     The plaintiff is entitled to liquidated damages in the amount of 100% of the actual damages under the Fair Labor Standards Act, 29 U.S.C. § 216(b), and the Minimum Wage Act. N.Y. Lab. Law § 663(1).

29.     An employer who seeks to avoid liquidated damages for violating the Fair Labor Standards Act bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *RSR Sec. Servs. Ltd.*, 172 F.3d at 142. An employer who seeks to avoid liquidated damages as a result of violating the Minimum Wage Act must prove "a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 663(1). The standard for "good faith" is the same under the Fair Labor Standards Act and the Minimum Wage Act. *See McLean v. Garage Mgmt. Corp.*, Nos. 09 CV 9325 & 10 CV 3950, 2012 U.S. Dist. LEXIS 55425, at *21 (S.D.N.Y. Apr. 19, 2012). In this case, the defendants, by their default, fail to meet their burden to oppose the imposition of liquidated damages. *Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *18.

30.     The plaintiff's liquidated damages under the Minimum Wage Act are calculated based on the plaintiff's actual damages under the same, which are the same as the calculation for this motion. However, liquidated damages under the Fair Labor Standards Act must be calculated based on the actual damages that would have been awarded under the Fair Labor Standards Act. *Wicaksono*, 2011 U.S. Dist. LEXIS 55771, at *21–22. The calculation of actual damages for unpaid minimum wages under the Fair Labor Standards Act differs from that under the Minimum Wage Act because the minimum wage rate is different. The calculation of liquidated damages under the Fair Labor Standards Act for unpaid minimum wages is shown in Table 2. (Although currency values shown in the table are rounded to the nearest penny, and weeks to the nearest whole week, these values were not rounded during calculation. Repeating these calculations using the rounded figures in the table will result in slight deviations.)

**Table 2: Liquidated Damages for Unpaid Minimum Wages under the Fair Labor Standards Act**

| Period start | Period end | Weeks | Hours worked per week | Effective hourly rate | FLSA minimum wage rate | FLSA minimum wages owed per hour | FLSA minimum wages owed per week | FLSA minimum wages owed | FLSA liquidated damages |
|---|---|---|---|---|---|---|---|---|---|
| 2/17/2015 | 8/28/2015 | 28 | 74 | $4.73 | $7.25 | $2.52 | $186.50 | $215.87 | $5,142.07 |
| 8/29/2015 | 9/4/2015 | 1 | 74 | $0.00 | $7.25 | $7.25 | $536.50 | $106.52 | $536.50 |
| | | | | | | | | **Total** | $5,678.57 |

31.      The plaintiff is entitled to liquidated damages in the amount of $24,528.57. Table 3 details the computation of the plaintiff's liquidated damages. (Although currency values shown in the table are rounded to the nearest penny, and weeks to the nearest whole week. these values were not rounded during calculation. Repeating these calculations using the rounded figures in the table will result in slight deviations).

**Table 3: Total Liquidated Damages**

|  | Actual damages | Fair Labor Standards Act liquidated damages | Minimum Wage Act liquidated damages |  |
|---|---|---|---|---|
| **Minimum wages** | $8,850.00 | $5,678.57 | $8,850.00 |  |
| **Overtime** | $4,250.00 | $4,250.00 | $4,250.00 |  |
| **Spread-of-hours** | $1,500.00 | n/a | $1,500.00 |  |
| **Total** |  | $9,928.57 | $14,600.00 | $24,528.57 |

## VII.  DEFENDANTS VIOLATED WAGE THEFT PREVENTION ACT AND PLAINTIFF ENTITLED TO STATUTORY DAMAGES

An employer is required to furnish an employee at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law. N.Y. Lab. Law § 195(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

If an employer violates the law, the employee is entitled to statutory damages from the employer of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00,

until February 26, 2015, and, thereafter, of $50.00 per workday that the violation occurred, up to a maximum of $5,000.00. N.Y. Lab. Law § 198(1-b) (amended 2015).

32.      The defendants violated the law and the plaintiff's time employed by the defendants results in damages at the maximum amount. Therefore, the plaintiff is entitled to liquidated damages in the amount of $5,000.00.

33.      An employer is required to furnish an employee with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. N.Y. Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

34.      If an employer violates the law, the employee is entitled to statutory damages from the defendants of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and of $250.00 per workday that the violation occurred, up to a maximum of $5,000, thereafter. N.Y. Lab. Law § 198(1-d) (amended 2015).

35.      The defendants violated the law and the plaintiff's time employed by the defendants results in damages at the maximum amount. Therefore, the plaintiff is entitled to liquidated damages in the amount of $5,000.00.

### VIII.   PLAINTIFF ENTITLED TO STATE LAW PREJUDGMENT INTEREST

36.      Under the Fair Labor Standards Act, prejudgment interest may not be awarded in addition to liquidated damages. *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988)

(citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 714–16 (1945); *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987)). However, prejudgment interest must be awarded under the Minimum Wage Act in addition to liquidated damages, *Reilly*, 181 F.3d at 265; N.Y. Lab. Law § 663(1), even when liability is found under both the Minimum Wage Act and the Fair Labor Standards Act. *Begum v. Ariba Disc., Inc.*, No. 12 CV 6620, 2015 U.S. Dist. LEXIS 5598, at *7 (S.D.N.Y. Jan. 16, 2015). The interest rate is nine percent per annum. N.Y. C.P.L.R. 5004. "New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date,' which can be used to simplify the calculation." *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998); N.Y. C.P.L.R. 5001(b). The plaintiff has calculated prejudgment interest based upon when damages were incurred. The prejudgment interest owed as of the date of this affirmation is $5,407.87 plus $3.60 per day thereafter.

## IX.    ATTORNEY'S FEES AND COSTS

37.    This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. These laws, in combination, provide to a prevailing party in a civil action an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). This award is mandatory. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

38.    The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The

presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

39.    The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989):

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the Johnson factors). But the Court need not make separate findings as to all twelve Johnson factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

40.    The plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in wage and hour litigation and incorporated in 2005. Associated with the

law firm is your affiant, Brandon D. Sherr, who graduated law school in 2010, and John M. Gurrieri, who graduated law school in 2013, who both have since been associated with this law firm and have specialized in wage and hour law. These two lawyers and Justin A. Zeller appeared in this action for the plaintiff. This law firm has represented plaintiffs in over 300 actions with similar claims in this Court alone, and many others in the Eastern District of New York and the District of New Jersey, and in the courts of the State of New York.

41.     Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23–24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28–30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

42.     The affiant's reasonable hourly rate has been considered once in an opinion by this Court and he was found to be entitled to a rate of $250 per hour in 2013. *See Patterson*, slip op. at 15–16.

43.     Brandon D. Sherr's reasonable hourly rate has been considered four times in opinions by this Court and your affiant was found to be entitled to rates of $300 in 2015 and 2016, and $200 and $250 per hour in 2013. *See Carvente-Avila v. Chaya Mushkah Rest. Corp.*, No. 12 CV 5359, slip op. at 6 (S.D.N.Y. May 10, 2016); *Patterson v. Copia NYC LLC*, No. 15 CV 2327, slip op. at 15–16 (S.D.N.Y. Dec. 29, 2015); *Maldonado v. Bistro 1285 Inc.*, No. 11 CV 4294, 2013

U.S. Dist. LEXIS 70815, at *12 (S.D.N.Y. May 13, 2013); *Palacios v. Z & G Distribs., Inc.*, No. 11 CV 2538, 2013 U.S. Dist. LEXIS 112676, at *18 (S.D.N.Y. Aug. 6, 2013).

44.     Certain of the *Johnson* factors are applicable in consideration of the reasonable hourly rate, specifically the customary fee, whether the fee is fixed or contingent, and the undesirability of the case. The plaintiff has entered a contingent fee agreement with this firm. The agreement provides a backup hourly rate of $350 per hour for work performed by your affiant or Mr. Gurrieri. It is the experience of this firm that wage and hour cases against small restaurant employers have a substantial risk that, even if ending in a judgment, the judgment will be uncollectable or very difficult to collect. This is because small restaurant employers are frequently undercapitalized and have few valuable assets. Violations of the wage and hour laws also frequently indicate financial distress or insolvency. Law firms that represent employees in such cases on a contingent fee basis may never recover their attorney's fees or costs. If the hourly rate for such cases were the same as the hourly rate for cases against large employers with substantial assets, law firms would have disincentive to assume the risk of representing such employees. The market rate for legal services for such clients is therefore higher because of these risks. This is such a case against a small restaurant employer. Accordingly, the reasonable hourly rate should be adjusted to reflect the contingent fee, the customary rate, and to compensate for the risk inherent in taking this case.

45.     The plaintiff requests that the Court find reasonable hourly rates of $300 for your affiant and $350 for Mr. Sherr. These rates are within the range previously found reasonable for this nature of action in this forum, reflect adjustments for the above-discussed factors, and allow a modest increase over rates previously awarded to these attorneys commensurate with their increased experience.

46.     To determine the reasonableness of the hours, a party seeking an award of attorney's fees must submit contemporaneous time records indicating the hours and the nature of the work done. *See Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *Puglisi v. Underhill Park Taxpayer Ass'n*, 964 F. Supp. 811, 817 (S.D.N.Y. 1997).

47.     Your affiant includes herewith the contemporaneous time records of the plaintiff's counsel. The included description with each entry corresponds to the descriptions in the American Bar Association's Uniform Task-Based Management System, a broadly recognized system of documenting hours. Courts even recommend its use for motions for attorney's fees. *See Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1174 (N.D. Cal. 2004); *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1189 (N.D. Cal. 2004) ("Although the court considers plaintiff's data in the manner presented, the American Bar Association's "Litigation Code Set" provides a more uniform methodology for categorizing requested hours. *See* American Bar Association ("ABA"), Uniform Task-Based Management System Information, *available at* [http://www.americanbar.org/groups/litigation/resources/uniform_task_based_management_syste m.html]. The ABA template commends itself to parties applying for fee awards."). Similar productions by the plaintiff's counsel of such contemporaneous time records have been found by the Court to be "complete." *Palacios*, 2013 U.S. Dist. LEXIS 112676, at *18–19. Your affiant's hours in this action are 11.7 and Mr. Sherr's, 20.6.

48.     The 32.3 total hours sought are reasonable, appropriately delegated among the involved attorneys requisite to their experience, and necessary to the litigation of this action.

49.     Accordingly, the plaintiff seeks an award of attorney's fees of $10,720.00, plus the additional attorney's fees expended in service of and reply to this order to show cause.

50.    The plaintiff's costs total $769.18, and include $400.00 for the filing fee to initiate this action, $353.50 for service of process, $15.68 in postage. The plaintiff includes herewith a record of these costs. Accordingly, the plaintiff is entitled to an award of costs of $769.18.

## X.   AUTOMATIC INCREASE OF JUDGMENT

51.    The New York Labor Law provides that "any judgment or court order awarding remedies under this section [sections 198 and 663, as does the judgment applied for herein] shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law §§ 198(4), 663(4). It further provides that costs and attorneys' fees incurred in enforcement of a judgment shall be awarded to the plaintiff. *Id.*

## XI.   CONCLUSION

52.    Wherefore, the plaintiff moves for a default judgment in favor of the plaintiff and against the defendants jointly and severally in the amount of $66,025.62 plus further prejudgment interest of $5.70 per day after the date of this affirmation and postjudgment interest.

John M. Gurrieri
LAW OFFICE OF JUSTIN A. ZELLER, P.C.
277 Broadway, Suite 408
New York, N.Y. 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
Dated: New York, New York          jmgurrieri@zellerlegal.com
       July 10, 2019               **ATTORNEYS FOR PLAINTIFF**