UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FLORIBERTO VILLALVA ESTRADA,                          :
individually and on behalf of all other persons
similarly situated,                                                      :

                 Plaintiff,                    :      <u>REPORT AND</u>
                                         <u>RECOMMENDATION</u>

    -v-                                                        :      16 Civ. 6162 (PGG) (GWG)

GIOVANNI'S ITALIAN PIZZERIA, INC. and                 :
MENTOR PERLASKA, jointly and severally,

                                    :
               Defendants.
                                    :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Floriberto Estrada brought this action on behalf of himself and all others similarly situated against defendants Giovanni's Italian Pizzeria, Inc. ("Giovanni's") and Mentor Perlaska seeking unpaid wages and unpaid overtime under the New York Labor Law §§ 190 et seq. ("NYLL") and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA").   He also sought spread-of-hour compensation under the NYLL.   A default has been entered against the defendants.   The only remaining issue is the amount of damages Estrada is due.[1]

I.   <u>BACKGROUND</u>

    A.   <u>Procedural Background</u>

      Estrada filed the operative complaint in this action on December 23, 2016.   <u>See</u> First Amended Complaint, filed on Dec. 23, 2016 (Docket # 25) ("FAC").   After defendants were

---

    [1]   <u>See</u> Affirmation of John M. Gurrieri in Support of Order to Show Cause, filed July 22, 2019 (Docket # 54) ("Gurrieri Aff."); Affidavit of Floriberto Villalva Estrada in Support of Order to Show Cause, filed July 22, 2019 (Docket # 55) ("Estrada Aff."); Proposed Findings of Fact and Conclusion of Law, filed Dec. 6, 2019 (Docket # 65) ("Proposed Findings").

served and failed to respond, the Clerk entered certificates of default.   See Clerk's Certificate of

Default as to Giovanni's Italian Pizzeria, Inc., filed June 10, 2019 (Docket # 46); Clerk's

Certificate of Default as to Mentor Perlaska, filed July 10, 2019 (Docket # 51).   An order was

issued requiring the defendants to show cause why a default judgment should not be entered

against them.   See Order to Show Cause, filed July 22, 2019 (Docket # 52).   Defendants did not

respond or appear, and an Order of Default was issued on August 6, 2019 (Docket # 59).   On

November 19, 2019, the case was referred to the undersigned for an inquest.   See Order

Referring Case to Magistrate Judge, filed Nov. 19, 2019 (Docket # 60).

On November 20, 2019, the Court issued an order directing Estrada to file Proposed

Findings of Fact and Conclusions of Law.   See Scheduling Order for Damages Inquest, filed on

Nov. 20, 2019 (Docket # 61) ("Scheduling Order").   On December 6, 2019, Estrada complied

with that order.   See Proposed Findings.   He also filed certificates of service indicating that the

proposed findings had been served on defendants.   See Certificate of Service, filed on Dec. 6,

2019 (Docket ## 66-67).

    B.   Facts Relating to Liability

In light of the defendants' default, the Court accepts as true the well-pleaded allegations

in the complaint, with the exception of those allegations relating to damages.   See, e.g., City of

N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common

law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations

contained in the complaint.") (quoting Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d

241, 246 (2d Cir. 2004)); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of

[defendant's] default, a court is required to accept all . . . factual allegations as true and draw all

2

reasonable inferences in [plaintiff's] favor.") (citation omitted).   "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted).   This inquiry requires the District Court to: (1) "determin[e] the proper rule for calculating damages on . . . a claim" and (2) "assess[] plaintiff's evidence supporting damages to be determined under this rule."   Id.

Federal Rule of Civil Procedure 55(b)(2) "allows but does not require the district judge to conduct a hearing" on the damages amount.   Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) ("[T]he court may conduct such hearings or order such references as it deems necessary and proper") (internal quotation marks and citation omitted).   In this case, the Court finds that a hearing is unnecessary inasmuch as Estrada's submissions have not been contested and they provide all the information needed to determine Estrada's damages.

Giovanni's is a restaurant in New York, New York and Perlaska owns and controls Giovanni's, including the ability to set wages and hours for employees.   See FAC ¶¶ 12-16; Estrada Aff. ¶¶ 2-3.   Estrada worked at Giovanni's as a cook and delivery person from February 17 to September 4, 2015.   FAC ¶ 18; Estrada Aff. ¶¶ 3-4.   He worked approximately 74 hours per week.   Estrada Aff. ¶ 5; see also FAC ¶ 19.   Six days a week Estrada worked greater than 10 hours.   Estrada Aff. ¶ 6.   He was paid $350 per week but was not paid for his last week.   Id. ¶ 7; see also FAC ¶ 20.   He was not paid minimum wage or overtime for hours worked over 40. Estrada Aff. ¶¶ 9-10; see also FAC ¶ 23.   He was also not paid spread-of-hours compensation. Estrada Aff. ¶ 11; see also FAC ¶ 24.   Giovanni's never provided Estrada with a notice and

acknowledgement of wages or a wage statement.   Estrada Aff. ¶¶ 12-13; see also FAC ¶ 25.

Estrada's proposed findings indicate that he seeks unpaid minimum wages, overtime wages, and spread-of-hours wages in the amount of $14,600, Proposed Findings at 11; liquidated damages under the FLSA and NYLL in the amount of $24,528.57, see id. at 17; and statutory damages under the NYLL in the amount of $10,000, see id. at 17-18.[2]   He also seeks pre-judgment interest at a rate of $3.60 per day from July 12, 2017.   Id. ¶ 38.   Finally, he seeks $11,710 in attorneys' fees and $769.18 in costs.   Id. ¶¶ 51-52.

II.  DISCUSSION

Estrada seeks recovery under both the NYLL and FLSA.   It is settled that while

> a plaintiff may be entitled to recover unpaid minimum wages and overtime pay under both the FLSA and the NYLL, he or she may not recover twice.   Instead, where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages.

Gonzalez Mercedes v. Tito Transmission Corp., 2018 WL 7291452, at *5 (S.D.N.Y. Dec. 6, 2018) (internal punctuation and citations omitted), adopted by 2019 WL 102007 (S.D.N.Y. Jan. 4, 2019).   Because the NYLL provides for the greater measure of recovery in this case, we address only the provisions of the NYLL.

A.   Status of Defendants as Estrada's "Employers"

The NYLL's definition of employment is nearly identical to the FLSA's.   See 29 U.S.C. § 203(g) ("'Employ' includes to suffer or permit to work."); N.Y. Lab. Law § 2(7) ("'Employed' includes permitted or suffered to work.").   Thus, "[c]ourts have interpreted the definition of

---

[2]  As explained in the Proposed Findings, some of the numbers are the product of rounding.   Proposed Findings ¶¶ 20, 32-33.

'employer' under the [NYLL] coextensively with the definition used by the FLSA."   Salazar v. 203 Lena Inc., 2020 WL 2489070, at *4 (S.D.N.Y. May 14, 2020) (quoting Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015)).   Under the FLSA, an employment relationship exists when the "economic reality" is such that the "alleged employer possessed the power to control the workers in question."   Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citing cases).

Estrada alleges that he was employed by Giovanni's from February 17, 2015, until September 4, 2015.   Estrada Aff. ¶ 3; FAC ¶ 17.   During his tenure with Giovanni's, Estrada worked as a cook and delivery person.   See Estrada Aff. ¶ 4; FAC ¶ 18.   Giovanni's controlled its employees by employing Perlaska, who it empowered with the ability to establish wages and hours of the employees.   See FAC ¶¶ 14-15.   During the same period, Perlaska was the "owner, shareholder, officer, or manager of the defendants' business."   FAC ¶ 13.   Perlaska "exercised substantial control over the functions of the employees of the defendants, including the plaintiff" and "had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants."   FAC ¶¶ 14-15.   Thus, both Giovanni's and Perlaska were Estrada's employers.

B.   Unpaid Minimum Wage

While Estrada was paid weekly, his hourly rate is calculated by dividing the amount he was paid per week by the number of hours worked.   See 29 C.F.R. § 778.112 (providing method of calculating regular rate and overtime rate where employee is "paid a flat sum for a day's work").   This calculation yields an hourly rate of $4.73 ($350 per week / 74 hours per week).   See Estrada Aff. ¶¶ 5, 7.   During the relevant time period, the New York State minimum wage

rate was $8.75 per hour.   N.Y. Lab. Law § 652.

Under certain conditions, an employer is entitled to pay an employee an hourly wage less than the standard minimum wage if the employee receives tips from customers for his or her services.   New York law, however, requires that an employer provide an employee notice before it may deduct a "tip credit" from the employee's base wage.   See N.Y. Comp Codes R & Regs. tit. 12, § 146-2.2 (effective Jan. 1, 2011); accord Inclan v. N.Y. Hosp. Grp., Inc., 95 F. Supp. 3d 490, 498 (S.D.N.Y. 2015).   The burden is on the defendants to show that they have complied with the tip notice requirement.   See N.Y. Comp Codes R. & Regs. tit. 12, § 146-2.2(d) ("The employer has the burden of proving compliance with the notification provisions of [the NYLL]."); Villar v. Prana Hosp., Inc., 2017 WL 1333582, at *3 n.4 (S.D.N.Y. Apr. 11, 2017).

Estrada states he was provided no such notice, see Estrada Aff. ¶¶ 12-13, and because defendants have not appeared, they have not met their burden to show otherwise.   Accordingly, Estrada was paid below minimum wage.   Estrada is owed the difference between his actual wages and minimum wage.   For the first 28 weeks of his employment, that amount is $8,329.44 ([[$8.75 - $4.73] * 74 hours per week] * 28 weeks).[3]   See Estrada Aff. ¶¶ 3, 5, 7.   Estrada was not paid during his final week, and thus is owed $647.50 for that week ($8.75 * 74).   See id. ¶¶ 5, 7.   Thus, Estrada is owed a total of $8,850 in unpaid minimum wages.

C.   Unpaid Overtime Wages

---

[3]   As mentioned in footnote 2, some of these numbers are rounded and thus do not match the amounts requested in the proposed findings.   The Court has run the calculations based on the rounded numbers and in all instances the deviation would have resulted in a slightly higher award for Estrada.   Thus, the Court awards the lesser amounts requested in the proposed findings that purport to be based on unrounded figures.   See Proposed Findings ¶¶ 20, 32-33.

Under the NYLL, any employee who works more than 40 hours per week must be paid at a rate not less than 150% the employee's regular hourly rate for all hours beyond 40.   N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-2.2.   Estrada worked approximately 74 hours each week. Estrada Aff. ¶ 5.   Because Estrada's rate was below the minimum wage, he is entitled to overtime wages at one-and-a-half times the minimum wage rate.   See 29 C.F.R. § 778.100 (regular rate, for purposes of calculating overtime, may not be less than statutory minimum wage); N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 (providing that overtime rate should be computed in the same manner as under the FLSA).

At 74 hours per week, see Estrada Aff. ¶ 5, Estrada should have been paid at a rate of $13.13 ($8.75 * 1.5) for 34 hours per week (74 hours - 40 hours), equaling $446.25 per week in overtime pay.   As explained in section II.B, Estrada has already been awarded minimum wage for these hours, for a total of $297.50 per week ($8.75 * 34 overtime hours).   Thus, for the 29 weeks Estrada worked for defendants, he was underpaid $4,250 in overtime payments ([$446.25 - $297.50] * 29 weeks).

### D.   Unpaid Spread-of-Hours

Under the NYLL, an employee must "receive one hour's pay at the basic minimum hourly wage rate" in addition to the regular minimum wage for each workday "in which . . . the spread of hours exceeds 10 hours."   N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-3.4(a).   "The term 'spread of hours' is defined as 'the length of the interval between the beginning and end of an employee's workday . . . includ[ing] working time plus time off for meals plus intervals off duty."   Inclan, 95 F. Supp. 3d at 502 (citing N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6).   Estrada states in his declaration that he "worked a spread of hours greater than ten approximately

7

six days a week," Estrada Aff. ¶ 6, and seeks spread-of-hours pay for each of those days, see

Proposed Findings at 11.   Thus, he is owed $1,500 in spread-of-hours payments ($8.75 * 6 days

* 29 weeks).

      E.   Liquidated Damages

At the time of Estrada's employment, section 198(1-a) of the NYLL provided in relevant

part:

> In any action instituted in the courts upon a wage claim by an employee or the
> commissioner in which the employee prevails, the court shall allow such
> employee to recover the full amount of any underpayment, all reasonable
> attorney's fees, prejudgment interest as required under the civil practice law and
> rules, and, unless the employer proves a good faith basis to believe that its
> underpayment of wages was in compliance with the law, an additional amount as
> liquidated damages equal to one hundred percent of the total amount of the wages
> found to be due.

Id. § 198(1-a).   The provision was later amended to permit up to 300% in liquidated

damages.   That amendment, however, did not take effect until January 19, 2016, which

is after Estrada's last date of employment.   See 2015 N.Y. Laws ch. 362 § 2.

The defendants have put forth no evidence that they had a "good faith basis to believe

that [their] underpayment of wages was in compliance with the law."   Id.   Thus, Estrada is

entitled to liquidated damages in the amount of 100% of his unpaid minimum wages, unpaid

overtime, and spread-of-hours payments, which totals $14,600.[4]

---

[4]   While Estrada also seeks to be awarded liquidated damages under the FLSA, see
Proposed Findings ¶¶ 29-32, double recovery under both the NYLL and FLSA is not permitted,
see Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018).

F.   Failure to Provide Notices and Wage Statements Under NYLL

NYLL section 195(1) requires that, at the time of hiring, an employer "provide his or her

employees, in writing in English and in the language identified by each employee as [their]

primary language," notice of

> the rate or rates of pay and basis thereof, whether paid by the hour, shift, day,
> week, salary, piece, commission, or other; allowances, if any, claimed as part of
> the minimum wage, including tip, meal, or lodging allowances; the regular pay
> day designated by the employer in accordance with section one hundred ninety-
> one of this article; the name of the employer; any "doing business as" names used
> by the employer; the physical address of the employer's main office or principal
> place of business, and a mailing address if different; the telephone number of the
> employer; plus such other information as the commissioner deems material and
> necessary.

Id. § 195(1)(a); accord Franco v. Jubilee First Ave. Corp., 2016 WL 4487788, at *13 (S.D.N.Y.

Aug. 25, 2016).   The notice must also state an employee's regular hourly rate and overtime rate

of pay.   N.Y. Lab. L. § 195(1)(a).   After February 25, 2015, the statutory damages for violating

the notice requirement are $50 per workday for a maximum of $5,000.   N.Y. Lab. Law § 198(1-

b).   Having affirmed that he was never given a notice and acknowledgement over his 29 weeks

of work, see Estrada Aff. ¶ 12, Estrada is owed $5,000 in statutory damages.

Furthermore, since April 9, 2011, the NYLL has required employers to "furnish each

employee with a statement with every payment of wages," which include, inter alia, the rate of

payment, the gross wages provided, and the applicable overtime rate.   N.Y. Lab. Law § 195(3).

Estrada was never provided a wage statement throughout his employment.   Estrada Aff. ¶ 13;

FAC ¶ 26.

Prior to February 27, 2015, statutory damages for violating this provision were limited to

$100 per workweek, not to exceed $2,500.   See 2010 N.Y. Laws ch. 564 § 7; accord Baltierra v.

9

Advantage Pest Control Co., 2015 WL 5474093, at *10 (S.D.N.Y. Sept. 18, 2015).   Since that

date, the statute was amended to allow a penalty of $250 for each workday that the violations

occurred, not to exceed $5,000.   See N.Y. Labor Law § 198(1-d).   Thus, Estrada should be

awarded $5,000 in statutory damages.

In total, Estrada is due $10,000 in statutory damages under the NYLL.

G.   Pre-Judgment Interest

A plaintiff who prevails on a NYLL-wage claim is entitled to prejudgment interest on any

"underpayment" of wages.   See N.Y. Lab. L. § 198(1-a); Schalaudek v. Chateau 20th St. LLC,

2017 WL 729544, at *10 (S.D.N.Y. Feb. 24, 2017), modified and adopted by 2017 WL 1968677

(S.D.N.Y. May 11, 2017); Santana v. Latino Express Rests., Inc., 198 F. Supp. 3d 285, 294

(S.D.N.Y. 2016); Castillo v. RV Transport, Inc., 2016 WL 1417848, at *3 (S.D.N.Y. Apr. 11,

2016).   Prejudgment interest is not available for violations of the wage statement or wage notice

provisions.   Cf. N.Y. Lab. L. § 198(1-b), (1-d) (wage statement and wage notice provision do

not include prejudgment interest award); Schalaudek, 2017 WL 729544, at *10-11 (awarding

prejudgment interest on unpaid wages and overtime, but not on statutory damages for notice

violations).   Also, "the award of prejudgment interest applies only to the amount of

underpayment of wages, not the liquidated damages."   Salustio v. 106 Columbia Deli Corp., 264

F. Supp. 3d 540, 557 (S.D.N.Y. 2017) (citations omitted).

Prejudgment interest in New York runs at the rate of nine percent per annum.   N.Y.

C.P.L.R. 5001(a), 5004.   The starting date from which a court computes this interest is "the

earliest ascertainable date the cause of action existed."   Conway v. Icahn & Co. Inc., 16 F.3d

504, 512 (2d Cir. 1994) (quoting N.Y. C.P.L.R. 5001(b)).   However, "[w]here such damages

were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."   N.Y. C.P.L.R. § 5001(b); see also Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 91 (2d Cir. 1998) ("New York law leaves to the discretion of the court the choice of whether to calculate prejudgment interest based upon the date when damages were incurred or 'a single reasonable intermediate date,'. . . .") (citing 155 Henry Owners Corp. v. Lovlyn Realty Co., 231 A.D.2d 559, 5600 (2d Dep't 1996)).

Here, Estrada's claims for unpaid wages arose on different dates from February 17, 2015, to September 4, 2015.   Estrada asks that we use July 12, 2017, as the date from which interest should be calculated, see Proposed Findings ¶ 38, because it is the midpoint between February 17, 2015, and the filing of the Proposed Findings on December 6, 2019.   The mid-point date, however, must be the midpoint between when damages began accruing and when they stopped accruing.   Thus, the correct midpoint date is May 28, 2015.   Accordingly, Estrada is entitled to prejudgment interest on his unpaid-wages damages of $14,600 from May 28, 2015, until the date judgment is entered, at $3.60 per day ([$14,600 * .09] / 365 days).

H.   Attorney's Fees

Because he has made successful claims under the NYLL, Estrada is entitled to an award of reasonable attorney's fees.   See N.Y. Lab. L. § 663(1).   In determining this fee award, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 186 (2d Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); accord Stanczyk v. City of N.Y., 752 F.3d 273,

284 (2d Cir. 2014).   This calculation yields a "presumptively reasonable fee," Arbor Hill, 522

F.3d at 183, and is commonly referred to as the "lodestar."   Although district courts remain free

to modify this award to ensure that it represents a reasonable fee and incorporates important or

unique aspects of the case, see, e.g., Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992), the

lodestar figure "includes most, if not all, of the relevant factors constituting a reasonable

attorney's fee."   Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 543 (2010) (citation and

internal quotation marks omitted).

     Estrada seeks attorneys' fees in the amount of $11,710, and costs in the amount of

$769.18.   Proposed Findings ¶¶ 51-52.[5]

     1.   Reasonable Hourly Rates

     The hourly rate to be set for Estrada's attorneys should be "what a reasonable, paying

client would be willing to pay."   Arbor Hill, 522 F.3d at 184.   Any such rate must be "in line

with those [rates] prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience, and reputation."   Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d

224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting Blum

v. Stenson, 465 U.S. 886, 896 n.11 (1984)).   In addition, as was noted in Arbor Hill, a court

must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount

---

     [5]   The amount of attorneys' fees sought in the Proposed Findings is more than the
amount to which Gurrieri affirmed.   Compare Proposed Findings ¶ 51 with Gurrieri Aff. ¶ 49.
This appears to be due to the 3.3 additional hours included in the Proposed Findings.   Compare
Proposed Findings ¶ 51 (35.6 hours) with Gurrieri Aff. ¶ 49 (32.3 hours).   The time sheets
reflect that the discrepancy occurred because of attorney time spent after the affidavit was filed.
See Time Sheet, filed Dec. 6, 2019 (Docket # 65-1) ("TS").   While Gurrieri's affirmation claims
to include the contemporaneous time records, see Gurrieri Aff. ¶ 47, the records are instead
attached to the Proposed Findings.   We thus treat the records as if they were attached to
Gurrieri's affirmation and consider all 35.6 hours requested by Estrada.

necessary to litigate the case effectively." 522 F.3d at 184 (emphasis added). In other words, we are not called upon to determine whether the attorneys on this case properly command the rates they seek. Rather, we are called upon to determine the "cheapest hourly rate an effective attorney would have charged." O.R. v. N.Y.C. Dep't of Educ., 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (emphasis in original).

Because the fee applicant bears the burden of establishing the reasonableness of the hourly rates requested, the applicant must "produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community." Blum, 465 U.S. at 895 n.11; accord Ortiz v. City of N.Y., 2016 WL 4532983, at *3 (S.D.N.Y. July 15, 2016). The Court may also "rely on its own familiarity with prevailing rates in the District." Noble v. Crazetees.com, 2015 WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015) (citing A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ., 407 F.3d 65, 82 (2d Cir. 2005); and Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987)).

Here, Estrada was represented by Brandon Sherr and John Gurrieri who are associated with the Law Office of Justin A. Zeller, P.C., a firm that specializes in wage and hour cases. Gurrieri Aff. ¶ 40. While we are not informed when they were admitted to the bar, Sherr graduated law school in 2010 and John Gurrieri graduated in 2013. Id. Sherr seeks a rate of $350 per hour and Gurrieri seeks a rate of $300 per hour. Id. ¶ 45.

While we have no reason to doubt that these attorneys may command the requested rate in the marketplace, Arbor Hill requires us to consider whether there are "other effective attorneys who might have charged less." Durso v. Modern Food Ctr., Inc., 2018 WL 3019112, at *5 (S.D.N.Y. June 18, 2018). We note that several factors articulated in Arbor Hill counsel for a

lower hourly fee than normal in this case: most notably, that this was a simple uncontested case, it did not raise difficult questions, and it did not demand a high level of skill.   Also, we note that it did not in fact command the attention of the attorneys for a lengthy period.   The record reflects that even though the due date for the defendants to respond to the amended complaint had expired on April 24, 2017 (Docket ## 42, 43), Estrada's attorneys took no action to advance this case until the district judge pointed out their inaction to them more than two years later (Docket # 40).

In a recent case, we found that an appropriate hourly rate for Sherr was $300, see De La Cruz Moreno v. Happy Angel Nail Spa Inc., 2019 WL 2438966, at *11 (S.D.N.Y. June 12, 2019), adopted by 2019 WL 2717153 (S.D.N.Y. June 28, 2019), and nothing about this case or his actions in this case suggest a higher hourly rate is appropriate.   See also Chuk On Chan v. Good Chows Inc., 2017 WL 9538901, at *7 (S.D.N.Y. Mar. 3, 2017) ("Courts in this District have determined that a fee ranging from $250 to $450 per hour is appropriate for experienced civil rights and employment law litigators.") (citing cases), adopted by 2017 WL 6550689 (S.D.N.Y. Dec. 21, 2017).   While in a previous case we found $200 to be an appropriate award for Gurrieri, see De La Cruz Moreno, 2019 WL 2438966, at *11, we believe that the experience he has since accumulated now justifies a rate of $225, see Sheet Metal Workers' Nat'l Pension Fund v. Maximum Metal Mfrs., Inc., 2015 WL 4935116, at *10 (S.D.N.Y. Aug. 18, 2015) ("[C]ourts in this District have found rates of $125-$300 per hour reasonable for associates, depending on, inter alia, their experience.").   While we recognize that some courts have awarded higher amounts, see Gurrieri Aff. ¶ 41, we believe Arbor Hill's mandate to award the lowest rate an effective attorney would charge requires us to find these hourly rates reasonable

14

here.   Such a rate would not necessarily apply in a different kind of case, such as a case where the defendants had not defaulted.

 2. Reasonable Number of Hours Expended

Plaintiffs must also establish that the number of hours for which they seek compensation are reasonable.   See Arbor Hill, 522 F.3d at 188.   In evaluating whether claimed hours are reasonable, a court considers "not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."   Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).   "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court."   Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992) (citing Hensley, 461 U.S. at 437).   In exercising this discretion, the district court should look "to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."   Id. (internal quotation marks omitted) (quoting Di Filippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985)).   Additionally, it is well-established that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done."   N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

In support of their application for attorneys' fees, Estrada's attorneys submitted a copy of timesheets showing the date on which services were performed, the hours expended, and a description of the work done, see TS, which they state are based on contemporaneous time

entries, Proposed Findings ¶ 49; <u>see also</u> Gurrieri Aff. ¶ 47.   This satisfies the contemporaneous

time records requirement.   <u>See</u>, <u>e.g.</u>, <u>Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers</u>,

34 F.3d 1148, 1160-61 (2d Cir. 1994); <u>Hollander Glass Tex., Inc. v. Rosen-Paramount Glass Co.</u>,

<u>Inc.</u>, 291 F. Supp. 3d 554, 562-63 (S.D.N.Y. 2018).

When reviewing such records, a court's task is to make "a conscientious and detailed

inquiry into the validity of the representations that a certain number of hours were usefully and

reasonably expended."   <u>Lunday v. City of Albany</u>, 42 F.3d 131, 134 (2d Cir. 1994).   "The

critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would

have engaged in similar time expenditures.'"   <u>Angamarca v. Pita Grill 7 Inc.</u>, 2012 WL

3578781, at *12 (S.D.N.Y. Aug. 2, 2012) (quoting <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir.

1992)).   In addressing this question, courts should not, however, engage in "an <u>ex post facto</u>

determination of whether attorney hours were necessary to the relief obtained."   <u>Grant</u>, 973 F.2d

at 99.

Additionally, if a court finds that claimed hours are "excessive, redundant, or otherwise

unnecessary," it should exclude those hours from its calculation of the presumptively reasonable

fee.   <u>Hensley</u>, 461 U.S. at 434; <u>accord</u> <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 426 n.6 (2d

Cir. 1999) (citations omitted); <u>Farmer v. Hyde Your Eyes Optical, Inc.</u>, 2015 WL 2250592, at

*15 (S.D.N.Y. May 13, 2015) (citations omitted).    However, as the Supreme Court noted in

<u>Hensley</u>, "[t]here is no precise rule or formula for making these determinations."   461 U.S. at

436.   Because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an

application," <u>Carey</u>, 711 F.2d at 1146 (citations omitted), "the court has discretion simply to

deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming

16

fat from a fee application,'" <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 173 (2d Cir. 1998) (quoting

<u>Carey</u>, 711 F.2d at 1146).   Thus, a district court is not required to "set forth item-by-item

findings concerning what may be countless objections to individual billing items."   <u>Lunday</u>, 42

F.3d at 134.

Estrada seeks compensation for 35.6 hours.   Proposed Findings ¶ 50; Gurrieri Aff. ¶ 49;

TS at 3.   Given that there was no activity in this case other than the drafting and service of the

complaints and the request for a default judgment, 35.6 hours is on the high end of expected

hours.   <u>See</u>, <u>e.g.</u>, <u>Mei Chun Poon v. Apple NYC Corp.</u>, 2019 WL 75674, at *11 (S.D.N.Y. Jan.

2, 2019) (awarding 24.6 hours) (citing <u>Galeana v. Lemongrass on Broadway Corp.</u>, 2014 WL

1364493, at *14-15 (S.D.N.Y. Apr. 4, 2014) (32.7 hours); <u>Greathouse v. JHS Sec., Inc.</u>, 2012

WL 3871523, at *10 (S.D.N.Y. Sept. 7, 2012) (24.2 hours), <u>modified and adopted by</u> 2012 WL

5185591 (S.D.N.Y. Oct. 19, 2012), <u>vacated on other grounds</u>, 784 F. 3d 105 (2d Cir. 2015); and

<u>Santillan v. Henao</u>, 822 F. Supp. 2d 284, 300 (E.D.N.Y. 2011) (25.2 hours)).

More problematically, the entries on the time sheet are questionable.   Most entries are

utterly vague, consisting largely of numerous entries that state "draft/revise" next to the topic

"dispositive motions" or "Other Written Motions and Submissions" without specifying what

motions or submissions are involved.   <u>See</u> TS.   Such vague entries make it impossible to

separate out tasks and to judge the reasonableness of the hours claimed.   <u>See</u>, <u>e.g.</u>, <u>Sevilla v.

Nekasa, Inc.</u>, 2017 WL 1185572, at *7 (S.D.N.Y. Mar. 30, 2017) (a court "may reduce the fees

requested for billing entries that are vague and do not sufficiently demonstrate what counsel

did") (collecting cases); <u>see</u> <u>also</u> <u>Kirsch</u>, 148 F.3d at 172-73 (upholding 20% reduction in billed

time for vagueness and other deficiencies where many time entries merely read "letter to court,"

"staff conference," and "work on motion"); <u>U.S. Football League v. Nat'l Football League</u>, 887

F.2d 408, 415 (2d Cir. 1989) (10% percentage reduction of total fee award to account for

vagueness in documentation of certain time entries); <u>Carter v. Wolf</u>, 2013 WL 1946827, at *4-5

(D. Conn. May 9, 2013) (15% reduction where entries were "review of file," "review of

correspondence," and "preparation of brief").   Other entries make no sense given the posture of

the case, such as time billed to "pleadings" on May 13, 2019, and June 7, 2019, at a time when

all pleadings had been filed years previously.

     In light of these failings, and given the pervasiveness of the vague entries, we will

reduce the total number of hours claimed by 25%, for a total of 26.7 hours.[6]

### 3.   Presumptively Reasonable Fees and Costs

The fees to be awarded are thus as follows:

|  | Hourly Rate | Hours Requested | Hours Awarded | Total |
|---|---|---|---|---|
| John Gurrieri | $225 | 14.8 | 11.1 | $2,497.50 |
| Brandon Sherr | $300 | 20.8 | 15.6 | $4,680 |
| Totals: |  |  |  | $7,117.50 |

Plaintiffs successful under the FLSA and NYLL also may be entitled to costs, which

"'include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged

to their clients.'"   <u>See LeBlanc-Sternberg v. Fletcher</u>, 143 F.3d 748, 763 (2d Cir. 1998) (quoting

---

[6]   Estrada also seeks costs for "attorney's fees expended in service of and reply to this
order to show cause."   Proposed Findings ¶ 51.   However, the time sheets reflect work up to
and including the date the proposed findings were filed and thus are included in the 35.6 hours
requested.   <u>See</u> TS at 3.

U.S. Football League, 887 F.2d at 416); accord Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 341 (S.D.N.Y. 2012).   In this case, Estrada seeks reimbursement of costs in the amount of $769.18, which include a filing fee, process server fees, and postage.   Gurrieri Aff. ¶ 50; see also Case Costs, filed Dec. 6, 2019 (Docket # 65-2).   Such costs are compensable. See, e.g., U.S.A. Famous Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc., 2013 WL 5363777, at *8 (S.D.N.Y. Sept. 26, 2013) (awarding costs for filing fees, copies, research, travel, and services of process), adopted by 2013 WL 5664085 (S.D.N.Y. Oct. 17, 2013).

For these reasons, Estrada should be awarded $7,117.50 in attorneys' fees and $769.18 in costs, for a total of $7,886.68.

\*     \*     \*

In sum, Estrada should be awarded $14,600 in unpaid wages; $14,600 in liquidated damages; $10,000 in statutory damages; $7,886.68 in attorneys' fees and costs; and interest at a rate of $3.60 per day beginning on May 28, 2015, and continuing until the date judgment is entered.

Estrada requests that the judgment include a provision automatically increasing the judgment by the amount set forth in N.Y. Lab. L. §§ 198(4), 663(4).   Proposed Findings ¶ 53. Those sections provide that

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent

N.Y. Lab. L. §§ 198(4), 663(4).   Accordingly, if any part of the judgment is unpaid at

19

the expiration of such time, and no appeal is pending, the judgment should provide that it is increased by 15 percent.

III.   <u>CONCLUSION</u>

Judgment should be awarded in favor of Estrada in the amount of $47,086.68 plus interest at a rate of $3.60 per day from May 28, 2015, to the date of judgment.   The text of the judgment should provide that if the judgment is not entirely paid within 90 days of judgment, or 90 days after the expiration of appeal, whichever is later, and no appeal is pending, then the total amount of judgment shall automatically increase by fifteen percent.

The Clerk is requested to mail copies of this Report and Recommendation to the addresses appearing at the end of this Report and Recommendation.

<u>**PROCEDURE FOR FILING OBJECTIONS TO THIS**</u>
<u>**REPORT AND RECOMMENDATION**</u>

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of

this Report and Recommendation to file any objections.   <u>See</u> <u>also</u> Fed. R. Civ. P. 6(a), (b), (d).

A party may respond to any objections within 14 days after being served.   Any objections and

responses shall be filed with the Clerk of the Court.   Any request for an extension of time to file

objections or responses must be directed to Judge Gardephe.   If a party fails to file timely

objections, that party <u>will not be permitted to raise any objections to this Report and</u>

<u>Recommendation on appeal</u>.   <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wagner & Wagner,</u>

<u>LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir.

2010).

Defendants may file their response by email by sending it in pdf form to

Temporary_Pro_Se_Filing@nysd.uscourts.gov.   In the alternative, the response may be mailed

to Pro Se Docketing, 500 Pearl Street, New York, NY 10007.

Dated: June 15, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Clerk to send copies to:

Giovanni's Italian Pizzeria, Inc.
1011 Columbus Ave.
New York, NY 10025-2596

Mentor Perlaska
1011 Columbus Ave.
New York, NY 10025-2596