UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLORIBERTO VILLALVA ESTRADA, on behalf of himself and all others similarly situated

                    Plaintiffs,

- against -

GIOVANNI'S ITALIAN EATERY, INC., HANNA BOJAJ, GIOVANNI'S ITALIAN PIZZERIA, INC., and MENTOR PERLASKA,

                    Defendants.

**ORDER**

16 Civ. 6162 (PGG) (GWG)

---

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Floriberto Villalva Estrada brings this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action against Defendants Giovanni's Italian Pizzeria, Inc., and Mentor Perlaska (Am. Cmplt. (Dkt. No. 25))  On August 6, 2019, this Court entered an Order of Default against Defendants Giovanni's Italian Pizzeria, Inc. and Mentor Perlaska (Dkt. No. 59) and referred this case to Magistrate Judge Gabriel Gorenstein for an inquest on damages (Dkt. No. 60).  Judge Gorenstein issued a Report and Recommendation ("R&R") in which he recommends that Plaintiff be awarded $47,086.68 in damages plus interest at a rate of $3.60 per day from May 28, 2015 to the date of judgment.  (R&R (Dkt. No. 68) at 20)  Judge Gorenstein also recommends that if the judgment is not entirely paid within 90 days of judgment (assuming no appeal is taken), or within 90 days after the resolution of any appeal – whichever is later – then the total amount of the judgment shall automatically increase by fifteen percent.  (Id.)  For the reasons stated below, the R&R will be adopted in its entirety.

# BACKGROUND

## I.  FACTS[1]

Giovanni's is a restaurant in Manhattan.  Defendant Perlaska owns and controls Giovanni's, and sets the wages and hours of its employees.  (See Am. Cmplt. (Dkt. No. 25) ¶¶ 12-16; Estrada Aff. (Dkt. No. 55) ¶¶ 2-3)  Estrada worked at Giovanni's as a cook and delivery person from February 17 to September 4, 2015.  (Am. Cmplt. (Dkt. No. 25) ¶ 18; Estrada Aff. (Dkt. No. 55) ¶¶ 3-4)  He worked approximately 74 hours per week.  (Estrada Aff. (Dkt. No. 55) ¶ 5; see also Am. Cmplt. (Dkt. No. 25) ¶ 19)  Six days a week Estrada worked more than ten hours.  (Estrada Aff. (Dkt. No. 55) ¶ 6)  He was paid $350 per week but was not paid for his last week.  (Id. ¶ 7; see also Am. Cmplt. (Dkt. No. 25) ¶ 20)  He was not paid minimum wage or overtime for hours worked over forty.  (Estrada Aff. (Dkt. No. 55) ¶¶ 9-10; see also Am. Cmplt. (Dkt. No. 55) ¶ 23)  He was also not paid spread-of-hours compensation.  (Estrada Aff. (Dkt. No. 55) ¶ 11; see also Am. Cmplt. (Dkt. No. 25) ¶ 24)  Giovanni's never provided Estrada with a notice and acknowledgement of wages or a wage statement.  (Estrada Aff. (Dkt. No. 55) ¶¶ 12-13; see also Am. Cmplt. (Dkt. No. 25) ¶ 25)  Estrada seeks unpaid minimum wages, overtime

---

[1]  The parties have not objected to Judge Gorenstein's recitation of the alleged facts. Accordingly, the Court adopts his account of the facts in full.  See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section . . . .").  Given Defendants' default, these facts are assumed to be true.  Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) ("In the event of a defendant's default, the plaintiff's properly pleaded allegations in the complaint, except those related to damages, are accepted as true."); see also City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.") (quoting Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004)); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all . . . factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." (citation omitted)).

wages, and spread-of-hours wages in the amount of $14,600 (Proposed Findings of Fact and Conclusions of Law ("Proposed Findings") (Dkt. No. 65) at 11, 24); liquidated damages under the FLSA and NYLL in the amount of $24,528.57 (see id. at 17, 24); and statutory damages under the NYLL in the amount of $10,000.  (See id. at 17-18, 24)  He also seeks pre-judgment interest at a rate of $3.60 per day from July 12, 2017 until judgment is entered.  (Id. ¶ 38)  Finally, he seeks $11,710 in attorneys' fees and $769.18 in costs.  (Id. ¶¶ 51-52)

## II. PROCEDURAL HISTORY

The Amended Complaint was filed on December 23, 2016.  (See Am. Cmplt. (Dkt. No. 25))  After defendants were served and failed to respond, and at Plaintiff's request, the Clerk entered certificates of default.  (See Clerk's Certificate of Default as to Giovanni's Italian Pizzeria, Inc. (Dkt. No. 46); Clerk's Certificate of Default as to Mentor Perlaska (Dkt. No. 51))  On July 22, 2019, this Court issued an order requiring the defendants to show cause why a default judgment should not be entered against them.  (See Order to Show Cause (Dkt. No. 52))  Although Defendants were served with the July 22, 2019 order (See Dkt. Nos. 56, 57), Defendants did not respond or appear, and this Court issued an Order of Default on August 6, 2019.  (Dkt. No. 59)

On November 19, 2019, the case was referred to Judge Gorenstein for an inquest on damages (see Order Referring Case to Magistrate Judge (Dkt. No. 60)), and on November 20, 2019, Estrada was directed to file Proposed Findings of Fact and Conclusions of Law.  (See Scheduling Order for Damages Inquest ("Scheduling Order") (Dkt. No. 61))  On December 6, 2019, Estrada submitted Proposed Findings of Facts and Conclusions of Law.  (See Proposed Findings (Dkt. No. 65))  He also filed certificates of service indicating that the proposed findings had been served on defendants.  (See Certificates of Service (Dkt. Nos. 66-67))

On June 15, 2020, Judge Gorenstein issued a 22-page R&R, in which he recommends awarding Estrada $14,600 in unpaid wages, $14,600 in liquidated damages, $10,000 in statutory damages, $7,886.68 in attorneys' fees and costs, and interest at a rate of $3.60 per day beginning on May 28, 2015 and continuing until judgment is entered. (R&R (Dkt. No. 68) at 19)[2] The R&R notifies the parties that they have fourteen days to file any objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). (Id. at 21) The R&R further states that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." (Id. (emphasis in original)) Neither side has filed objections to the R&R.

## DISCUSSION

### I.  LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no objections are filed to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice

---

[2]  As explained in the Proposed Findings, certain calculations are the product of rounding. (See Proposed Findings (Dkt. No. 65) ¶¶ 20, 32-33)

4

of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

## II.     ANALYSIS

Although the parties have waived their right to judicial review, the Court has nonetheless reviewed Judge Gorenstein's R&R for clear error. As discussed below, the Court finds no error – clear or otherwise – in Judge Gorenstein's thorough and well-reasoned R&R.

### A.     Liability

As Judge Gorenstein notes, for purposes of liability, "the Court accepts as true the well-pleaded factual allegations in the complaint, with the exception of those allegations relating to damages." (R&R (Dkt. No. 68) at 2) The Court must, however, "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." (Id. at 3 (citing Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted)))

Estrada seeks recovery under both the NYLL and FLSA. While

> a plaintiff may be entitled to recover unpaid minimum wages and overtime pay under both the FLSA and the NYLL, he or she may not recover twice. Instead, where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages.

Gonzalez Mercedes v. Tito Transmission Corp., No. 15cv1170 (CM) (DF), 2018 WL 7291452, at *5 (S.D.N.Y. Dec. 6, 2018) (internal punctuation and citations omitted), adopted by 2019 WL 102007 (S.D.N.Y. Jan. 4, 2019). Because the NYLL yields the greater recovery here, the Court

addresses only Plaintiff's claims under the NYLL.  As Judge Gorenstein observes, "[t]he NYLL's definition of employment is nearly identical to the FLSA's."  (See R&R (Dkt. No. 68) at 4)

Estrada alleges that he was employed at Giovanni's from February 17, 2015, until September 4, 2015, as a cook and delivery person.  (Estrada Aff. (Dkt. No. 55) ¶¶ 3-4; Am. Cmplt. (Dkt. No. 25) ¶¶ 17-18)  Perlaska – as the "owner, shareholder, officer, or manager of [Giovanni's]" – was authorized to set wages and hours for Giovanni's employees.  (Am. Cmplt. (Dkt. No. 25) ¶¶ 14-15)  Accordingly, "both Giovanni's and Perlaska were Estrada's employers" during the relevant time period.  (R&R (Dkt. No. 68) at 5)

### B. Damages

Plaintiff seeks an award of $61,607.75, consisting of (1) unpaid minimum wages, overtime wages, and spread-of-hours wages in the amount of $14,600; (2) liquidated damages under the FLSA and NYLL in the amount of $24,528.57; (3) statutory damages under the NYLL in the amount of $10,000; (4) $11,710 in attorneys' fees; and (5) $769.18 in costs.  He also seeks pre-judgment interest at a rate of $3.60 per day from July 12, 2017 until judgment is entered. (Proposed Findings (Dkt. No. 65) at ¶¶ 22, 26, 28, 33, 34, 37-38, 54)

Judge Gorenstein recommends that this Court award Plaintiff a total of $47,086.68 plus interest at a rate of $3.60 per day from May 28, 2015 to the date of judgment. The $47,086.68 total consists of (1) $14,600 in unpaid wages; (2) $14,600 in liquidated damages; (3) $10,000 in statutory damages; and (4) $7,886.68 in attorneys' fees and costs.  (R&R (Dkt. No. 68) at 19)  Judge Gorenstein further recommends that the judgment include a provision automatically increasing the judgment by fifteen percent if any part of the judgment is unpaid upon the expiration of ninety days following issuance of judgment (assuming no appeal), or

6

ninety days after resolution of any appeal.  (Id. at 19-20)

    The parties have not objected to Judge Gorenstein's recommendations and, as discussed below, this Court finds no clear error in his analysis.

    **1.**  **Unpaid Wages**

      **a.**  **Unpaid Minimum Wages**

    As Judge Gorenstein calculates, Estrada was paid an hourly rate of $4.73.  (Id. at 5)  During the relevant time period, the New York State minimum wage was $8.75 per hour.  (Id. at 5-6; N.Y. Lab. Law § 652)  Plaintiff further alleges that – while New York law allows employers to pay tipped employees less than the minimum wage – Defendants do not meet legal requirements for taking a "tip credit," because they did not distribute the required notice to employees.  (R&R (Dkt. No. 65) at 6; Estrada Aff. (Dkt. No. 55) ¶ 12-13)  Because Defendants have not appeared, they have not met their burden to show otherwise.  (R&R (Dkt. No. 65) at 6)  Accordingly, Estrada is entitled to the difference between his actual wages and the minimum wage.  This amounts to a total of $8,850 in unpaid minimum wages.  (Id.)

      **b.**  **Unpaid Overtime Wages**

    Under the NYLL, an employee who works more than forty hours per week must be paid at a rate not less than 150% of the employee's regular hourly rate for all hours more than forty.  (Id. at 7; N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-2.2)  Estrada worked approximately 74 hours each week.  (R&R (Dkt. No. 68) at 7; Estrada Aff. (Dkt. No. 55) ¶ 5)  Because Estrada's rate was below the minimum wage, he is entitled to overtime wages at one-and-a-half times the minimum wage rate.  (R&R (Dkt. No. 68) at 7)  Estrada should have been paid at a rate of $13.13 ($8.75 x 1.5) for 34 hours per week, equaling $446.25 per week in overtime pay.  As discussed in the preceding section, Estrada is entitled to the minimum wage for those hours, for a

total of $297.50 per week ($8.75 x 34 overtime hours).  Therefore, for the 29 weeks Estrada worked for Defendants, he was underpaid $4,250 in overtime payments ([$446.25 – 297.50] x 29 weeks).  (Id. at 7)

### c.      Unpaid Spread-of-Hours

Under the NYLL, an employee must "receive one hour's pay at the basic minimum hourly wage rate" in addition to the regular minimum wage for each workday "in which . . . the spread of hours exceeds 10 hours."  N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-3.4(a).  Estrada states that he "worked a spread of hours greater than ten approximately six days a week" and seeks spread-of-hours pay for each of those days.  (R&R (Dkt. No. 68) at 7-8; Estrada Aff. (Dkt. No. 55) ¶ 6; Proposed Findings (Dkt. No. 65) at 11, ¶¶ 27-28)  Estrada is owed $1,500 in spread-of-hours payments ($8.75 x 6 days x 29 weeks).

### 2.      Liquidated Damages

At the time of Estrada's employment, the NYLL provided for liquidated damages "equal to one hundred percent of the total amount of the wages found to be due."  (R&R (Dkt. No. 68) at 8; N.Y. Lab. Law § 198(1-a))  As Defendants failed to appear, they have put forward no evidence that they had a "good faith basis to believe that [their] underpayment of wages was in compliance with the law."  (R&R (Dkt. No. 68) at 8; N.Y. Lab. Law § 198(1-a))  Estrada is therefore entitled to liquidated damages in the amount of 100% of his unpaid minimum wages, unpaid overtime, and spread-of-hours payments, which total $14,600.  (R&R (Dkt. No. 68) at 8))  Although Estrada also seeks liquidated damages under the FLSA, see Proposed Findings (Dkt. No. 65) ¶¶ 29-32, double recovery under the NYLL and FLSA is not permitted.  (R&R (Dkt. No. 68) at 8 n.4 (citing Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018)))

8

### 3. **Statutory Damages**

NYLL Section 195(1) requires that, at the time of hiring, an employer provide his or her employees with notice of, <u>inter alia</u>, "the rate or rates of pay and basis thereof[;] . . . allowances, if any[;] . . . the regular pay day designated by the employer[;] . . . the name of the employer; [and] any 'doing business as' names used by the employer." N.Y. Lab. Law § 195(1-a); <u>accord</u> <u>Franco v. Jubilee First Ave Corp.</u>, 2016 WL 4487788, at *13 (S.D.N.Y. Aug. 25, 2016). The notice must also state an employee's regular hourly rate and overtime rate of pay. N.Y. Lab. Law § 195(1)(a). After February 25, 2015, the statutory damages for violating the notice requirement are $50 per workday for a maximum of $5,000. N.Y. Lab. Law § 198(1-b). Estrada asserts that Defendants never provided him with a wage notice. (Estrada Aff. (Dkt. No. 55) ¶ 12) Estrada is therefore entitled to $5,000 in statutory damages for the wage notice violation. (R&R (Dkt. No. 68) at 9)

Since April 9, 2011, the NYLL has required employers to "furnish each employee with a statement with every payment of wages." (<u>Id.</u>; N.Y. Lab. Law § 195(3)) Defendants never provided Estrada with a wage statement. (Estrada Aff. (Dkt. No. 55) ¶13; Am. Cmplt. (Dkt. No. 25) ¶ 26) Prior to February 27, 2015, statutory damages for violating this provision were limited to $100 per workweek, not to exceed $2,500. (R&R (Dkt. No. 65) at 9-10 (citing 2010 N.Y. Laws ch. 564 § 7; <u>accord</u> <u>Baltierra v. Advantage Pest Control Co.</u>, No. 14 Civ. 5917 (AJP), 2015 WL 5474093, at *10 (S.D.N.Y. Sept. 18, 2015))) Since February 27, 2015, the NYLL has provided that a penalty of $250 shall be assessed for each workday that the wage statement violation occurred, not to exceed $5,000. (R&R (Dkt. No. 68) at 9-10 (citing N.Y.

9

Lab. Law § 198(1-d))  Here, Estrada is entitled to $5,000 in statutory damages for the wage statement violation.  (Id. at 10)

### 4. Pre-Judgment Interest

A plaintiff who prevails on an NYLL wage claim is entitled to pre-judgment interest on any "underpayment" of wages.  (R&R (Dkt. No. 68) at 10 (citing, inter alia, N.Y. Lab. Law § 198(1-a); Schalaudek v. Chateau 20th St. LLC, No. 16-cv-11 (WHP) (JLC), 2017 WL 729544, at *10 (S.D.N.Y. Feb. 24, 2017), modified and adopted by 2017 WL 1968677 (S.D.N.Y. May 11, 2017)))  Pre-judgment interest is not available for violations of the wage statement or wage notice provisions, nor for any award of liquidated damages.  (Id. (citing Salustio v. 106 Columbia Deli Corp., 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017) (citations omitted))  Pre-judgment interest in New York runs at the rate of nine percent per annum.  N.Y. C.P.L.R. 5001(a), 5004.  Where damages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. § 5001(b); see also Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 91 (2d Cir. 1998).

Here, Estrada's claims for unpaid wages arose on different dates between February 17, 2015 and September 4, 2015.  Estrada asks the Court to use July 12, 2017, as the date from which interest should be calculated, as it is the midpoint between February 17, 2015, and the date when Estrada submitted his Proposed Findings.  (Proposed Findings (Dkt. No. 65) ¶ 38)  The date chosen, however, must be the midpoint between when damages began to accrue and when they stopped accruing.  The correct midpoint date, as stated in the R&R, is May 28, 2015.  (R&R (Dkt. No. 68) at 11)  Accordingly, Estrada is entitled to pre-judgment interest on his unpaid-wages damages of $14,600 from May 28, 2015 until the date judgment is entered, at

$3.60 per day ([$14,600 x .09] / 365 days).  (Id.)

### 5. **Attorneys' Fees and Costs**

Estrada seeks an attorneys' fee award of $11,710, reflecting 35.6 hours of billed work.  He also seeks costs in the amount of $769.18.  (Id. at 12; see also Proposed Findings (Dkt. No. 65) ¶¶ 51-52)  Judge Gorenstein concludes that Estrada should be awarded attorneys' fees, because he has made successful claims under the NYLL.  (R&R (Dkt. No. 68) at 11)  Judge Gorenstein finds, however, that the billing rates sought by Plaintiff's counsel are too high, because "this was a simple uncontested case, [that] did not raise difficult questions [or] . . . demand a high level of skill."  (Id. at 13-14, 17)  Judge Gorenstein recommends that Attorney Sherr's billing rate should be reduced from $350 to $300 per hour, while Attorney Gurrieri's billing rate should be reduced from $300 to $225 per hour.  (Id. at 14 (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 186 (2d Cir. 2008)).  Judge Gorenstein also finds that Plaintiffs' counsel billed an unreasonable number of hours on the case, and that certain timekeeping entries are not reliable and are "utterly vague."  (Id. at 15-17)  "In light of these failings," Judge Gorenstein recommends a 25% across-the-board reduction in the total number of hours claimed, and a total attorneys' fee award of $7,117.50.  (Id. at 18)  This Court finds no error in Judge Gorenstein's analysis.

Plaintiffs who prevail under the NYLL may also be entitled to costs, including "those reasonable out of pocket expenses incurred by attorneys and ordinarily charged to their clients."  (Id. (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (quotation marks omitted)))  Here, Estrada seeks reimbursement for costs of $769.18, which consist of a filing fee, process server fees, and postage.  (Id. at 19)  Such costs are compensable.

11

(Id. (citing U.S.A. Famous Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc., 2013 WL 5363777, at *8 (S.D.N.Y. Sept. 26, 2013) (awarding costs for filing fees, copies, research, travel, and services of process), adopted by 2013 WL 5664085 (S.D.N.Y. Oct. 17, 2013)))  The Court agrees that Plaintiff is entitled to costs, and adopts Judge Gorenstein's recommendation that $769.18 in costs be awarded.

## CONCLUSION

For the reasons stated above, Judge Gorenstein's R&R is adopted in its entirety. Plaintiff is awarded $47,086.68 plus interest at a rate of $3.60 per day from May 28, 2015, to the date of judgment.  Pursuant to NYLL §§ 198(4) and 663(4), the judgment shall include a provision automatically increasing the judgment amount by fifteen percent if any part of the judgment is unpaid upon the expiration of ninety days following issuance of judgment (assuming no appeal), or ninety days after the resolution of any appeal.  Plaintiff is to submit a proposed judgment by August 28, 2020.

Dated:  New York, New York
        August 20, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge