UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

FLORIBERTO VILLALVA ESTRADA,
individually and on behalf of all other
persons similarly situated,

                        Plaintiff,

        -against-

GIOVANNI'S ITALIAN PIZZERIA, INC.,
and MENTOR PERLASKA,

                        Defendants.

**ORDER**

16 Civ. 6162 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

       This action is brought under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law.  Defendant Mentor Perlaska has moved to vacate a default judgment entered against him.  For the reasons stated below, Perlaska's motion will be denied.

## BACKGROUND

       Plaintiff worked as a cook and deliveryman for Giovanni's Italian Pizzeria and its owner, Defendant Mentor Perlaksa, from February 2015 to September 2015.  Plaintiff says that he worked 74 hours per week, and was paid $350 per week in cash, except for the last week, for which he was paid nothing at all.  (Am. Cmplt. (Dkt. No. 25) ¶¶ 17-21; Estrada Aff. (Dkt. No. 55))

       The Amended Complaint asserts violations of (1) the FLSA, in that Defendants did not pay Plaintiff the applicable minimum wage or overtime pay rate and did not post notices of employees' rights; and (2) New York Labor Law, in that Defendants did not pay Plaintiff the required state minimum wage, overtime rate, or spread of hours compensation, and did not post

the required wage notices or provide the required wage statements. (Am. Cmplt. (Dkt. No. 25) ¶¶ 29-59)

On June 7, 2019, Plaintiff filed affidavits of service showing that Defendant Giovanni's Italian Pizzeria, Inc. had been served on March 24, 2017, and that Defendant Perlaska had been served on April 3, 2017. An individual at the restaurant named Nouro Bidul accepted service on behalf of Perlaska. (See Affs. of Service (Dkt. Nos. 42, 43))

Neither defendant responded to the Amended Complaint. On June 10, 2019, Plaintiff obtained a Clerk's Certificate of Default against the corporate defendant (Dkt. No. 46), and on July 10, 2019, Plaintiff obtained a Clerk's Certificate of Default against Defendant Perlaska (Dkt. No. 51). Plaintiff moved for a default judgment against both Defendants on July 10, 2019.

On July 22, 2019, this Court issued an order to show cause why a default judgment should not be entered against the two Defendants, and set a hearing for August 5, 2019. (Dkt. No. 52) The Order provided that any opposition from Defendants was due on August 2, 2019. (Id.) On July 23, 2019, Plaintiff filed affidavits of service showing that both Defendants had been timely served with Plaintiff's motion papers and the order to show cause. (Dkt. Nos. 56, 57)

On August 5, 2019, this Court conducted a hearing on Plaintiff's application for a default judgment. Neither Defendant responded to the order to show cause, and neither Defendant appeared at the hearing. Accordingly, on August 6, 2019, this Court entered an order of default against Defendants (Dkt. No. 59), and on November 19, 2019, the matter was referred to Magistrate Judge Gorenstein for an inquest on damages (Dkt. No. 60).

On June 16, 2020, Magistrate Judge Gorenstein issued a Report and Recommendation ("R&R") finding that Plaintiff Estrada should be awarded $47,086.68 plus interest at a rate of $3.60 per day from May 28, 2015, to the date of judgment. (R&R (Dkt. No. 68) at 20) Neither side filed objections to the R&R. On August 20, 2020, this Court adopted the R&R in its entirety (Dkt. No. 69), and on September 1, 2020, a default judgment was entered against Defendants, jointly and severally, in the amount of $54,013.08 – reflecting principal of $47,086.68 plus $6,926.40 in pre-judgment interest (Dkt. No. 71).

On April 8, 2021, Defendant Perlaska filed the instant motion to vacate the default judgment against him. (See Perlaska Aff. (Dkt. No. 73); Constantine Aff. (Dkt. No. 73-1)) Perlaska contends that he first learned of this action on March 31, 2021, when his personal bank account was restrained as a result of the default judgment entered against him. Perlaska maintains that – prior to the restraint of his bank account – he "never received any summons and complaint or any other notice or letter regarding this case," and that he does not know the individual "plaintiff claims to have served on [Perlaska's] behalf at Giovanni's Pizzeria." (Perlaska Aff. (Dkt. No. 73) ¶¶ 2-6 ,12) Perlaska further contends that he "never employed the plaintiff in any capacity," and "never met or even heard" of him. (Id. ¶¶ 9-11)

Plaintiff opposes Perlaska's motion to vacate. (Dkt. Nos. 75-76)

On April 20, 2021, this Court conducted a hearing on Perlaska's motion. (See Dkt. Nos. 74, 77; Hearing Transcript ("Tr.") (Dkt. No. 91)) During the hearing, Perlaska argued that he does not own Giovanni's Italian Pizzeria, Inc. and has no relationship with that restaurant. (Hearing Tr. (Dkt. No. 91) at 4-5)

Plaintiff has, however, submitted records from the New York City Department of Health Licensing Center showing that Perlaska applied for a food service establishment license

3

on behalf of Giovanni's Italian Pizzeria, Inc. on February 23, 2013. The license expired on April 30, 2017. (Gurrieri Aff., Ex. 1 (Dkt. No. 75-1)) When asked about this license application at the hearing, defense counsel stated that Perlaska "didn't sign this [license] or have anything to do with this [license]." (Hearing Tr. (Dkt. No. 91) at 6; see also id. at 11)

At the conclusion of the hearing, the Court "directed the parties to make supplementary submissions concerning Defendant Perlaska's relationship, or lack thereof, with Defendant Giovanni's Italian Pizzeria, Inc." The Court "suggested that the parties obtain additional records from the New York City Health Department and the New York State Secretary of State's Office concerning the pizzeria, and submit supplementary affidavits addressing Defendant Perlaska's relationship with the pizzeria." (Apr. 20, 2021 Order (Dkt. No. 77))

On April 27, 2021, Perlaska submitted a supplemental affidavit stating that he has worked as a carpenter for more than six years, and that he has "never owned, operated or otherwise been employed by the defendant identified as Giovanni's Italian Pizzeria, Inc." (Apr. 26, 2021 Perlaska Aff. (Dkt. No. 84) ¶¶ 3, 9) That same day, Perlaska's lawyer submitted an affidavit stating that New York Department of State records for Giovanni's Italian Pizzeria, Inc. "make[] no mention of Mr. Perlaska as an owner/operator of the company." Indeed, Department of State records do not "mention Mr. Perlaska at all." (Apr. 27, 2021 Constantine Aff. (Dkt. No. 79) ¶ 5)

Plaintiff made Freedom of Information Law of New York ("FOIL") requests to the New York Department of State, the New York Department of Taxation and Finance, and the New York City Department of Health and Mental Hygiene to obtain records concerning Perlaska's alleged ownership of the pizzeria. (Dkt. Nos. 80-82) On May 12, 2021, the New

York City Department of Health and Mental Hygiene responded to Plaintiff's request, providing the following materials: an April 3, 2013 notarized affidavit from Perlaska, in which he swears that he is the owner of Giovanni's Italian Pizzeria, Inc.; an affirmation signed by Perlaska on June 10, 2013, in which he states that he is the president of Giovanni's Italian Pizzeria, Inc.; and a copy of Perlaska's driver's license.[1]  (May 27, 2021 Pltf. Ltr., Ex. 1 (Dkt. No. 86-1) at 9-10, 14)

In response to Plaintiff's submission of these materials on May 27, 2021, Perlaska submitted a June 17, 2021 letter in which he requests thirty days to review the newly submitted documents and file a response.  (Dkt. No. 87)  The Court granted the request (Dkt. No. 88), but Perlaska did not make any additional filings at that time.

In a December 7, 2021 letter, Plaintiff's counsel reports that the New York Department of Taxation and Finance and the New York Department of State have responded to his FOIL requests, but that neither agency provided additional information concerning Perlaska's relationship to the pizzeria.  (Dkt. No. 89)

On December 22, 2021, this Court directed Perlaska to respond to Plaintiff's May 27, 2021 and June 21, 2021 letters, and stated that in the absence of an additional submission from Perlaska, the Court would "decide Defendant Perlaska's motion to vacate on the current record."  (Dkt. No. 90)  Perlaska did not make any additional submission.

---

[1] Other licensing materials in the possession of the City's Health Department list Pashk Mirdita as president or owner of Giovanni's Italian Pizzeria, Inc.  Most of these documents either pre-date or post-date Plaintiff's 2015 employment at the pizzeria, however.  (See May 27, 2021 Pltf. Ltr., Ex. 1 (Dkt. No. 86-1) at 16 (addressing a license that expires on April 30, 2014), 25-26 (reflecting materials submitted in 2016))  While certain licensing materials bear Mirdita's name and are dated in 2015 (see id. at 19, 22), these documents do not demonstrate that Perlaska had terminated his relationship with the pizzeria.

**DISCUSSION**

I.  **APPLICABLE LAW**

A motion to vacate a default judgment is governed by Rule 60(b) of the Federal Rules of Civil Procedure.  See Quintana v. Young Blooming, Inc. 12-CV-120 (DLI)(MDG), 2016 WL 1273231, at *3 (E.D.N.Y. March 30, 2016) (collecting cases).  Under Rule 60(b), a judgment may be set aside on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Perlaska contends that he has no association with Giovanni's Italian Pizzeria, that he was never served in this case, and that this Court has no jurisdiction over him.  (See Dkt. Nos. 73, 73-1)  This Court construes Perlaska's motion to vacate as having been brought pursuant to Rule 60(b)(4).

"'A judgment obtained in the absence of in personam jurisdiction is void,'" Orix Fin. Servs. v. Phipps, 91 CV 2523(RPP), 2009 WL 2486012, at *2 (S.D.N.Y. Aug. 14, 2009) (quoting China Mariners Assur. Corp. v. M.T. W.M. Vacy Ash, 96 CIV. 9553(PKL), 1999 WL 126921, at *3 (S.D.N.Y. Mar. 9, 1999) and citing Jaffe & Asher v. Van Brunt, 158 F.R.D. 278, 279 (S.D.N.Y.1994)), and "[v]alid service of process is a prerequisite to a district court's assertion of personal jurisdiction over a defendant," Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 375 (S.D.N.Y. 1998) (citing Omni Capital Int'l v. Rudolf

6

Wolff & Co., Ltd., 484 U.S. 97, 103 (1987)).  "Hence, a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law." Id. (citing Howard Johnson Int'l. Inc. v. Wang, 7 F. Supp. 2d 336 (S.D.N.Y. 1998)).

"'A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011) (quoting Grace v. Bank of Leumi Trust Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006)) (internal quotation marks and citation omitted). Moreover, where "'the underlying judgment is void [for lack of jurisdiction], it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'" Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005) (quoting State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004)). "Of [the] grounds for vacating default judgment, Rule 60(b)(4) is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.'" Global Gold Mining, LLC v. Ayvazian, 983 F. Supp. 2d 378, 384 (S.D.N.Y. 2013) (quoting Covington Indus. v. Resintex A.G., 629 F.2d 730, 733 n.3 (2d Cir. 1980)).

## II.     ANALYSIS

Perlaska claims that he was never served with any of the pleadings in this case, and that he was never served with any of Plaintiff's default judgment papers. (See Perlaska Aff. (Dkt. No. 73) ¶¶ 12, 24; Constantine Aff. (Dkt. No. 73-1) ¶¶ 6-7))  Perlaska states that he first became aware of this case on March 31, 2021, when he learned that a restraining order had been filed against his personal bank account. (Perlaska Aff. (Dkt. No. 73) ¶ 4)

Under Rule 4(e) of the Federal Rules of Civil Procedure, a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of

general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

The New York CPLR sets forth several ways by which service may be effected. Under C.P.L.R. 308, in addition to personal service, an individual may be served "by delivering the summons within the state to a person of suitable age and discretion at the [defendant's] actual place of business . . . and by either mailing the summons to the person to be served at his or her last known residence . . . or . . . actual place of business. . . ." N.Y. C.P.L.R. § 308(1-2). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a 'clear identification of the work performed by [him] with that place of business.'" Velez v. Vassallo, 203 F. Supp. 2d 312, 325 (S.D.N.Y. 2002) (quoting King v. Galluzzo Equip. & Excavating, Inc., No. 00-CV-6247(ILG), 2001 WL 1402996, at *4 (E.D.N.Y. Nov. 8, 2001)) (citations omitted).

The affidavit of service for Defendant Perlaska[2] states that he was served with the summons and amended complaint at his place of business, Giovanni's Italian Pizzeria, Inc., 1011 Columbus Avenue in Manhattan, on April 3, 2017. (Dkt. No. 43) The affidavit says that the process server left the summons and amended complaint with Nauro Bidul, a co-worker at the pizzeria. (Id.; see also Constantine Aff. (Dkt. No. 73-1) ¶ 18) A second copy of the summons and complaint was mailed to Defendant Perlaska in care of Giovanni's Italian Pizzerria, Inc. at the same address. (Dkt. No. 43-1)

---

[2] Giovanni's Italian Pizzeria Inc. was served through service on the Secretary of State. (Dkt. No. 42) Perlaska does not address service on the corporate defendant.

Perlaska states that he "was not employed at that address, was not present at that address on that date[,] and does not know Nauro Bidul or ever authorized Bidul or anyone else to accept service or take any other action on his behalf." (Constantine Aff. (Dkt. No. 73-1) ¶ 19) Perlaska also asserts that he has "never owned, operated or otherwise been employed by the defendant identified as Giovanni's Italian Pizzeria, Inc." (Apr. 27, 2021 Perlaska Aff. (Dkt. No. 84) ¶¶ 3, 9)

Plaintiff has submitted compelling evidence that Perlaska was the owner of Giovanni's Italian Pizzeria, Inc., however. This evidence – all of which comes from the City's Department of Health – includes (1) a Department of Health food service licensing application for Giovanni's Italian Pizzeria, Inc. that was submitted to the Department of Health in April 2013, and which lists Perlaska as the president of the corporation (Gurrieri Aff., Ex. 1 (Dkt. No. 75-1)); (2) an April 3, 2013 notarized affidavit from Perlaska, in which he swears that he is the owner of Giovanni's Italian Pizzeria, Inc.; (3) an affirmation signed by Perlaska on June 10, 2013, in which he states that he is the president of Giovanni's Italian Pizzeria, Inc.; and (4) a copy of Perlaska's driver's license (May 27, 2021 Pltf. Ltr., Ex. 1 (Dkt. No. 86-1) at 9-10, 14). Perlaska has not provided any explanation for these documents, which demonstrate that he was the owner of the pizzeria and the president of Giovanni's Italian Pizzeria, Inc.

Perlaska now complains that he did not authorize Bidul to accept service on his behalf. "'All that is required under CPLR 308 subdivision 2, with respect to personal service, [however,] is that process be served upon 'a person of suitable age and discretion at the actual place of business,' regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant.'" Dantzig v. Cty. of Westchester, No. 19-CV-8811 (NSR), 2021 WL 1030655, at *5 (S.D.N.Y. Mar. 16, 2021)

9

(quoting Pub. Adm'r of the Cty. of New York v. Markowitz, 163 A.D.2d 100, 100-01 (1st Dept. 1990)) (citing Xiao Hong Wang v. Chi Kei Li, 169 A.D.3d 593, 594 (1st Dept. 2019)).

The Court concludes that Plaintiff established that Perlaska owned the pizzeria, and that the requirements for service pursuant to CPLR § 308(2) were met. Because service was proper, Defendant Perlaska has not shown that the judgment is void. Accordingly, Perlaska's motion to vacate the default judgment (Dkt. No. 73) is denied. The Clerk of Court will terminate the motion.

Dated: New York, New York
      January 26, 2022

SO ORDERED.

*Paul S. Gardephe*

Paul G. Gardephe
United States District Judge